DISTRICT ATTORNEY FOR THE PLYMOUTH DISTRICT *vs.*
BOARD OF SELECTMEN OF MIDDLEBOROUGH.

Plymouth.   April 3, 1985. — August 8, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Public Board. Open Meeting Law. Municipal Corporations,* Open meetings. *Attorney at Law,* Canons of ethics. *Constitutional Law,* Separation of powers. *Words,* "Meeting."

A closed executive session held by a town's board of selectmen with its attorney during which the attorney gave legal advice and rendered legal opinions as to the effect of certain aspects of a proposed rubbish disposal contract was a meeting within the meaning of G. L. c. 39, § 23A, and as the board did not meet for one of the seven purposes enumerated in § 23B, it violated the open meeting law. [631-633]

General Laws c. 39, § 23B, the open meeting law, as applied to a private meeting of a governmental body with its attorney, did not by reason of any effect upon the practice of law or the conduct of attorneys violate art. 30 of the Declaration of Rights of the Massachusetts Constitution. [633-634]

A provision in a judgment of the Superior Court ordering a town's board of selectmen to "carry out the provisions of the [open meeting law] at future meetings," was overly broad, and was to be modified so as to order the board to hold executive sessions only for the purposes enumerated in G. L. c. 39, § 23B. [634]

CIVIL ACTION commenced in the Superior Court Department on December 23, 1983.

The case was heard by *Francis W. Keating, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Daniel F. Murray* for the defendant.

*John P. Corbett,* Assistant District Attorney, for the Commonwealth.

LIACOS, J. The district attorney for the Plymouth District filed suit alleging that the board of selectmen of Middleborough

(board) violated the terms of the open meeting law, G. L. c. 39, §§ 23A-23C (1984 ed.), when the board held a meeting with its attorney which was closed to the public. A complaint by a newspaper reporter excluded from this executive session prompted the present action by the district attorney for the Plymouth District. Judgment for the plaintiff issued after a jury-waived trial in Superior Court. The judge ordered that the records of the meeting in question be made public[1] and that the board carry out the provisions of the open meeting law at future meetings. The board timely appealed, and we transferred the appeal to this court on our own motion.

The parties stipulated to most of the relevant facts: On December 12, 1983, the board met at a regularly scheduled session at the Middleborough Town Hall. During this public session, the board considered the subject of negotiation with Energy Answers Corporation regarding a contract for disposal of the town's rubbish. One of the board members moved that the board hold a closed executive session with its attorney. The board member acknowledged that none of the reasons for holding an executive session, set forth in G. L. c. 39, § 23B, applied. The board voted to hold a closed executive session and proceeded to meet privately with its attorney for approximately one hour. During this meeting, the attorney gave legal advice and rendered legal opinions as to the effect of certain aspects of the proposed rubbish disposal contract. The board intended this meeting to be a confidential communication with the town's lawyer with regard to lawful town business. The minutes of the closed session have not been made public. Subsequent to the December meeting, the board met publicly with its attorney and discussed the rubbish disposal contract. In February, 1984, the board executed the contract.

The board acknowledges that none of the enumerated exceptions of G. L. c. 39, § 23B, applies to this case. The board, however, contends that: (1) there should be an implied excep-

---

[1] The minutes of the closed meeting have been impounded, and the judgment has been stayed pending this appeal.

tion to the open meeting law for meetings of a governmental body with its counsel; (2) the open meeting law as applied to this case violates art. 30 of the Declaration of Rights of the Massachusetts Constitution; (3) the board's consultation with its attorney was not a "meeting" as defined by G. L. c. 39, § 23A (1984 ed.), so as to come within the purview of the open meeting law; and (4) the judgment exceeded the scope of the remedy provided by the open meeting law. We hold that the closed session was a meeting within the meaning of G. L. c. 39, § 23A, and that it violated the open meeting law. We further hold that the open meeting law as applied here does not violate art. 30 of the Declaration of Rights of the Massachusetts Constitution. We conclude, however, that the trial judge's remedy was overly broad. Accordingly, we remand the case to the Superior Court for entry of an appropriate judgment.

General Laws c. 39, § 23B (1984 ed.), mandates that all meetings of a governmental body be open to the public and that no quorum of a governmental body may meet in private for the purpose of deciding on or deliberating toward a decision on any matter.[2] The statute lists seven distinct purposes for which there is an exception to this broad prohibition. Of particular interest are exceptions (3) and (6). Exception (3) permits closed meetings "[t]o discuss strategy with respect to collective bargaining or litigation if an open meeting may have a detrimental effect on the bargaining or litigating position of the governmental body, and to conduct collective bargaining sessions." G. L. c. 39, § 23B (3). Exception (6) authorizes closed sessions "[t]o consider the purchase, exchange, lease or value of real property, if such discussions may have a detrimental effect on the negotiating position of the governmental body and a person, firm or corporation." G. L. c. 39, § 23B (6). Closed executive sessions

[2] General Laws c. 39, § 23B, provides, in part: "All meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided by this section.

"No quorum of a governmental body shall meet in private for the purpose of deciding on or deliberating toward a decision on any matter except as provided by this section."

may be held only for one of the seven purposes expressly set forth in § 23B. *Ghiglione* v. *School Comm. of Southbridge*, 376 Mass. 70, 73 (1978).

The board does not contend that it met in private executive session on December 12, 1983, for one of the seven purposes outlined in § 23B. Rather, the board argues that this court should fashion an implied eighth exception to § 23B for meetings between a governmental body and its attorney. The board urges us to follow what it describes as the "majority rule" and hold that the open meeting law does not apply to a private meeting of a governmental body with its counsel. However, an examination of the cases relied on by the board reveals that those courts merely have fashioned an exception for threatened or active litigation, a result this Commonwealth has already achieved under the provisions of G. L. c. 39, § 23B (3).[3]

Our result follows from the unambiguous language and structure of § 23B.[4] The Legislature enumerated seven exceptions

---

[3] For example, in *Minneapolis Star & Tribune Co.* v. *Housing & Redevelopment Auth.*, 310 Minn. 313 (1976), the Supreme Court of Minnesota reiterated its refusal to adopt a sweeping attorney-client privilege exception, preferring instead a case-by-case approach. Concluding that Minnesota's open meeting law did not apply, the court stated: "In this area requiring a delicate balancing of public interests, our conclusion [has been] reached only after a thorough consideration of the record, which discloses that members of [the governmental body] were involved in active and immediate litigation." *Id.* at 323. And in *Sutter Sensible Planning, Inc.* v. *Supervisors of Sutter County*, 122 Cal. App. 3d 813 (1981), the California Court of Appeals merely extended a judicially crafted exception to the state's open meeting law from meetings regarding actual pending litigation to meetings concerning the threat of a specific lawsuit. This result is consistent with *Doherty* v. *School Comm. of Boston*, 386 Mass. 643, 647-648 (1982), in which we held that a school board could meet privately under § 23B (3) where it could properly anticipate a legal challenge to its proposed action. The language of G. L. c. 39, § 23B (3), on which we relied in *Doherty*, states: "To discuss strategy with respect to collective bargaining or litigation if an open meeting may have a detrimental effect on the bargaining or litigating position of the governmental body," and to conduct collective bargaining sessions.

[4] We have assumed for purposes of discussion, but without deciding, that public clients have an attorney-client privilege. See *Connecticut Mut. Life Ins. Co.* v. *Shields*, 18 F.R.D. 448, 450 (S.D.N.Y. 1955). See also Proposed Mass. R. Evid. 501(a)(1) and (d)(6) (1980).

to its prohibition against private meetings of governmental bodies. "[E]xceptions are not to be implied. Where there is an express exception, it comprises the only limitation on the operation of the statute and no other exceptions will be implied" (footnotes omitted). 2A C. Sands, Sutherland Statutory Construction § 47.11 (4th ed. 1984). See *Commonwealth* v. *Germano*, 379 Mass. 268, 273 (1979). Moreover, in our view the Legislature contemplated the need for confidential discussion between attorneys and their public clients in enacting the third exception for litigation and collective bargaining and contemplated the need for confidentiality in contract negotiations in enacting the sixth exception for contracts involving real property.[5] While we are mindful of the board's argument concerning the importance of confidentiality in large contract negotiations, the legislative mandate cannot be misunderstood.

We do not consider our application of G. L. c. 39, § 23B, to the instant case to be a violation of art. 30 of the Declaration of Rights of the Massachusetts Constitution. Article 30 prohibits the legislative department from exercising judicial powers. The power to regulate the practice of law and the conduct of attorneys lies with the judiciary. *Collins* v. *Godfrey*, 324 Mass. 574, 577 (1949). However, G. L. c. 39, § 23B, does not focus on attorneys, but on the operation of governmental bodies, an exercise of power clearly within the province of the Legislature. See *Edgartown* v. *State Ethics Comm'n*, 391 Mass. 83, 90 (1984). Insofar as § 23B can be said to bear on the conduct of attorneys, the section does not compel attorneys to violate any disciplinary rules. The attorney-client privilege is the client's privilege to waive. *Phillips* v. *Chase*, 201 Mass. 444, 449 (1909). *McCooe* v. *Dighton, Somerset, & Swansea St. Ry.*, 173 Mass. 117, 118-119 (1899). If a client chooses to waive the privilege of confidentiality, the attorney is under

---

[5] Many open-meeting laws provide an exception for proceedings during which acquisitions of real property are to be discussed. The reasoning behind the exception is that public discourse would invite speculation and thus drive up the eventual price paid by the government. Wickham, *Let the Sun Shine In! Open-Meeting Legislation Can Be Our Key to Closed Doors in State and Local Government*, 68 Nw. U. L. Rev. 480, 486 (1974).

no further ethical obligation to keep the communications secret. S.J.C. Rule 3:07, Canon 4, DR 4-101 (C)(1), (2), as appearing in 382 Mass. 778 (1981). We view § 23B as a statutory public waiver of any possible privilege of the public client in meetings of governmental bodies except in the narrow circumstances stated in the statute.[6]

We conclude, however, that the judgment in its present form is too broad to be enforceable. While § 23B permits a judge to issue an appropriate order requiring a governmental body to comply with the various provisions of the statute, the judgment here ordered the board to "carry out the provisions of the [open meeting law] at future meetings." The language of the judgment is excessively broad. The board should be ordered to hold executive sessions only for the purposes enumerated in § 23B. See *Nigro* v. *Conservation Comm'n of Canton*, 17 Mass. App. Ct. 433, 436 (1984). The judgment also ordered that "[t]he records of the December 12, 1983, closed session be made public." Obviously, the order as to making the records public may stand.

The case is remanded for entry of a modified judgment. The judge should also consider whether any other of the remedies specified in G. L. c. 39, § 23B (1984 ed.), should be included in the judgment.

*So ordererd.*

---

[6] We find meritless the board's argument that its consultation with its attorney does not come within the meaning of "meeting" found in G. L. c. 39, § 23A. The consultation was an exchange of views among members and between the board and its attorney.