GREGORY S. PEARSON & others[1] vs. BOARD OF HEALTH
OF CHICOPEE.

Hampden.   March 9, 1988. — July 12, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Open Meeting Law. Public Board. Municipal Corporations*, Open meet-
ings. *Practice, Civil*, Counsel fees, Frivolous litigation.

Private persons who prevailed in an action against a municipal board to en-
force the open meeting law, G. L. c. 39, § 23B, were not entitled to
an award of their attorney's fees, in the absence of specific legislation
permitting such an award. [800-802]

In an action by private persons against a municipal board to enforce the
open meeting law, G. L. c. 39, § 23B, where the board's violations of
the statute were found to be open and flagrant, the judge on remand
was to make additional findings with respect to whether all or substan-
tially all of the board's defenses were "wholly insubstantial, frivolous,
and not advanced in good faith" within the meaning of G. L. c. 231,
§ 6F, so that an award of attorney's fees would be appropriate. [802-803]

CIVIL ACTION commenced in the Superior Court Department
on August 12, 1986.

The case was heard by *William H. Welch*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*William J. O'Grady*, Associate City Solicitor, for the Board
of Health of Chicopee.

*Raymond R. Randall* (*Priscilla F. Chesky* with him) for the
plaintiffs.

*James C. Heigham*, for Massachusetts Newspaper Publishers
Association, amicus curiae, submitted a brief.

ABRAMS, J.  The board of health (board) of Chicopee appeals
from a judgment invalidating two meetings alleged to have been

---

[1] Barbara J. Nauman and Diana L. Tomb. The Massachusetts Newspaper
Publishers Association submitted a brief as amicus curiae.

held in violation of the open meeting law. See G. L. c. 39, § 23B (1986 ed.). The plaintiffs, three registered voters in Chicopee, also sought recovery of their attorneys' fees. As part of the judgment, the judge ordered that the board pay the plaintiffs $3,050.18 in attorneys' fees and costs. The propriety of this award is the sole issue on appeal. We transferred the case to this court on our own motion. We vacate the award made to the plaintiffs on a private attorney general theory. We remand this matter to the Superior Court for further proceedings to determine whether an award of attorneys' fees should be made pursuant to G. L. c. 231, § 6F (1986 ed.).

We summarize the facts found by the judge. On July 2, 1986, Meredith Carlson, a reporter for the Holyoke Transcript, observed Frederick Kowal, a member of the board, meeting with members of the Bernashe family and their attorney at the Chicopee city hall. The Bernashe family operated a restaurant known as Bernie's, which had been closed for twelve days because of incidents of salmonella poisoning.

Carlson questioned Kowal about the meeting. Kowal responded that the meeting was informal. At some point during their conversation, Dr. Peter Krokidas, also a member of the board, arrived and the board then met with the Bernashe family behind closed doors. At the meeting, the board agreed to allow the Bernashe family's restaurant to reopen, subject to conditions set forth in a letter of July 7, 1986, from the board to Roger L. Bernashe. No minutes were made of the meeting and no motion was made to open the meeting and go into executive session as required by G. L. c. 39, § 23B.

On July 25, 1986, the board posted notice of a special meeting to be held on July 30, 1986, at 7 P.M. to consider a revised plan for the Ahearn Landfill in Chicopee and to consider requests by the landfill operator for revisions of or a variance from the board's landfill regulations. However, the meeting began at about 6:15 P.M. in a closed room behind the board's offices. During the meeting, the board voted to grant the operator a variance from the landfill regulations. The board recorded no minutes of the meeting, nor was any vote recorded. The board opened its meeting at 7 P.M., announcing the terms

and conditions of the variance to the members of the public attending the meeting. The board did not allow any discussion on its action, apparently having prepared and typed the terms of the variance before the closed meeting began.

At the hearing on the complaint, the board claimed that the meeting concerning the restaurant was proper because it concerned a health emergency and that the closed meeting concerning the landfill was a strategy meeting with respect to litigation. The judge invalidated the actions taken at the meetings. He found the board's violations to be "open, flagrant, and serious." The judge ordered the board to prepare a summary of the meetings' discussions and to hold new public meetings to discuss the reopening of the restaurant and the landfill variance. Finally, the judge awarded the plaintiffs attorneys' fees and costs.

The plaintiffs contend that, because the litigation served to vindicate the rights of the general public, the fee award should be affirmed on a "private attorney general" theory. Alternatively, they argue that G. L. c. 231, § 6F, allows a plaintiff to recover costs against a defendant asserting frivolous defenses and that the award of attorneys' fees in this case should be affirmed on that basis.

1. *Private attorney general.* "The open meeting law is designed to eliminate much of the secrecy surrounding the deliberations and decisions on which public policy is based." *Ghiglione* v. *School Comm. of Southbridge,* 376 Mass. 70, 72 (1978). General Laws c. 39, § 23B,[2] embodies a general policy

[2] The open meeting law, G. L. c. 39, § 23B (1986 ed.), provides that "[a]ll meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided by this section.

"No quorum of a governmental body shall meet in private for the purpose of deciding on or deliberating toward a decision on any matter except as provided by this section.

"No executive session shall be held until the governmental body has first convened in an open session for which notice has been given, a majority of the members have voted to go into executive session and the vote of each member is recorded on a roll call vote and entered into the minutes, the presiding officer has cited the purpose for an executive session, and the presiding officer has stated before the executive session if the governmental body will reconvene after the executive session."

that all meetings of governmental bodies should be open to the public unless they are specifically exempted. *Doherty* v. *School Comm. of Boston*, 386 Mass. 643, 646 (1982). The judge correctly stated that the statute manifests "an extremely important policy and goes to the core of good . . . and open government." The judge noted that the open meeting law has no real sanctions, and must rely for its enforcement on the already overburdened district attorneys. Consequently, he awarded attorneys' fees on the theory that the plaintiffs had acted in the capacity of a private attorney general.

The plaintiffs argue that the judge's award of attorneys' fees is justified on the ground that the members of the public who bring suit to enforce the open meeting law are enforcing public rights. The plaintiffs assert that enforcement of the open meeting law by the public is unlikely unless persons who bring such complaints may recover their legal costs. The plaintiffs conclude that the courts possess the equitable power to award such fees if it is determined "that the litigation has resulted in the vindication of a strong or societally important public policy, that the necessary costs of securing this result transcend the individual plaintiff's pecuniary interest to an extent requiring subsidization, and that a substantial number of persons stand to benefit from the decision." *Serrano* v. *Priest*, 20 Cal. 3d 25, 45 (1977). The plaintiffs ask us to adopt the private attorney general theory and hold that attorneys' fees are recoverable in suits to enforce the open meeting law. We decline to do so.

In *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 303 (1976), we stated that "[t]he traditional practice of this court has been to allow attorney's fees, as between opposing parties in litigation, in four limited instances: (1) as costs, in accordance with specific statutory provisions or court rules . . . ; (2) as damages, in certain circumstances . . . ; (3) in accordance with statutory provisions under some of which the allowance may not be clearly categorized or may not be categorized at all . . . ; or (4) pursuant to a valid contractual provision or stipulation" (citations omitted). *Id.* at 311-312. We further noted that, while courts in equity have allowed attorneys' fees in certain limited

circumstances, we believe that, in the absence of legislation, an award of attorneys' fees generally is not an appropriate item of damages.[3] *Id.* at 312-313. See also *Bagley* v. *Contributory Retirement Appeal Bd.*, 397 Mass. 255, 259 (1986); *Massachusetts Elec. Co.* v. *Massachusetts Comm'n Against Discrimination*, 375 Mass. 160, 179 (1978).[4]

However, we note that a few States have adopted a "private attorney general" theory absent explicit statutory authorization. See *Serrano* v. *Priest*, *supra* at 46-47; *Hellar* v. *Cenarrusa*, 106 Idaho 571, 577-578 (1984); *Watkins* v. *Labor & Indus. Review Comm'n*, 117 Wis. 2d 753, 763-765 (1984). Most courts generally have determined that, absent a specific legislative directive, it is inappropriate to award attorneys' fees on a "private attorney general" theory. See, e.g., *Alyeska Pipeline Serv. Co.* v. *Wilderness Soc'y*, 421 U.S. 240, 270-271 (1975); *Shelby County Comm'n* v. *Smith*, 372 So.2d 1092, 1096-1097 (Ala. 1979); *Doe* v. *Heintz*, 204 Conn. 17, 23-25 (1987); *Hamer* v. *Kirk*, 64 Ill. 2d 434, 437 (1976); *Cook* v. *Employment Div.*, 293 Or. 398 (1982); *Jones* v. *Muir*, 511 Pa. 535, 547-548 (1986); *Van Emmerik* v. *Montana Dakota Utils. Co.*, 332 N.W.2d 279, 284 (S.D. 1983); *Providence Journal Co.* v. *Mason*, 116 R.I. 614, 626 (1976); *Blue Sky Advocates* v. *State*, 107 Wash. 2d 112, 120-122 (1986). We conclude that, in suits

---

[3] We generally have allowed attorneys' fees as part of a damage award where the party (1) litigates on behalf of one class of asset distributees against another class; (2) is involved in the administration of an estate complicated by an ambiguity in a will or trust instrument; or (3) has, at his or her own expense, been successful in creating, preserving or enlarging a fund in which other parties have a rightful share. *Commissioner of Ins.* v. *Massachusetts Accident Co.*, 318 Mass. 238, 242 (1945).

[4] We are not persuaded by the plaintiffs' argument that, because the open meeting law calls for both public and private enforcement, the Legislature intended to allow private citizens to recover attorneys' fees. When the Legislature wants private citizens to be able to recover attorneys' fees, it has said so clearly. The plaintiffs' argument ignores the fact that the Legislature has provided for the recovery of attorneys' fees in statutes in which the Legislature has concluded that attorneys' fees are needed to fulfil the purposes of the statute. See, e.g., G. L. c. 12, § 11I (1986 ed.) (civil rights statute); G. L. c. 93A, §§ 9 (4), 11 (1986 ed.) (unfair or deceptive business practices); G. L. c. 93, §§ 9, 12 (1986 ed.) (restraint of trade).

under G. L. c. 39, § 23B, we should not depart from our general rule that each party bears its own legal costs. See *Chartrand* v. *Riley*, 354 Mass. 242, 243-245 (1968).

2. *General Laws c. 231, § 6F.* In his findings, the judge noted that the violations by these defendants were open and flagrant. Thus, we must consider whether the defendants may be liable for attorneys' fees pursuant to G. L. c. 231, § 6F.[5] Because the judge awarded attorneys' fees based on a private attorney general theory, he made no findings concerning the nature of the defenses asserted by the board, as required by G. L. c. 231, § 6F. The judge found that, with regard to the meeting concerning the restaurant, counsel for the board stated that the meeting was held in response to an emergency, although the restaurant had been closed for twelve days. Board member Kowal offered no response to the court's questioning as to why an "educational session"[6] on the subject of salmonella poisoning was not opened for the benefit of the public and other restaurateurs.

Relying on *District Attorney for the Plymouth Dist.* v. *Selectmen of Middleborough*, 395 Mass. 629 (1985), the judge

---

[5]General Laws c. 231, § 6F, provides: "Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge or justice or by a jury, . . . or other finder of fact, the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.

". . . If such a finding is made with respect to a party's defenses, setoffs or counterclaims, the court shall award to each party against whom such defenses, setoffs or counterclaims were asserted . . . an amount representing the reasonable counsel fees, costs and expenses of the claimant in prosecuting his claims or in defending against those setoffs or counterclaims found to have been wholly insubstantial, frivolous and not advanced in good faith."

[6]At trial, Kowal stated that he was conducting an educational seminar to inform the Bernashe family on how to deal with salmonella poisoning.

concluded that a closed meeting of the board to adopt a landfill closure plan, variances, and regulations clearly was improper. The plaintiffs argue that we should affirm the award under G. L. c. 231, § 6F. The judge did not make findings that all or substantially all of the defenses were "wholly insubstantial, frivolous, and not advanced in good faith" as required by G. L. c. 231, § 6F. We thus remand this case to the Superior Court for further proceedings limited to consideration of the factors set forth under G. L. c. 231, § 6F.

*So ordered.*