COMMONWEALTH vs. PALMER WOODBERRY.

No. 87-1189.

Essex.    September 8, 1988. — December 7, 1988.

Present: GREANEY, C.J., BROWN, & KASS, JJ.

*Practice, Criminal,* Plea. *Evidence,* Privileged communication.

A criminal defendant who moved to withdraw his pleas of guilty on the ground that his attorney coerced the pleas and committed other misconduct, waived his attorney-client privilege with respect to his conversations with his plea attorney concerning the rationale for his decision to plead guilty; and the attorney's testimony at the hearing on the motion, relevant and material to defending against the allegations of misconduct, was not beyond the scope of the waiver. [638-640]

INDICTMENTS found and returned in the Superior Court Department on October 31, 1984.

A motion for leave to withdraw pleas of guilty and for a new trial was heard by *Robert A. Barton,* J.

*Richard Zorza,* Committee for Public Counsel Services, for the defendant.

*S. Jane Haggerty,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant pleaded guilty to so much of a first degree murder indictment as charged second degree murder, and to indictments charging armed burglary, armed robbery, assault and battery by means of a dangerous weapon, and unlawfully carrying a firearm. This appeal concerns the denial of the defendant's motion "to withdraw guilty pleas or in the alternative . . . for new trial."[1] The question presented is whether the testimony of the defendant's "plea attorney" at the motion hearing concerning private communications with

---

[1] At the hearing the motion judge found the defendant's testimony incredible and unworthy of belief.

the defendant was beyond the scope of the defendant's waiver of the attorney-client privilege. We conclude that the testimony given here by the plea attorney in defending against the challenge to his professional conduct was within the scope of the waiver of the attorney-client privilege.

The purpose of the attorney-client privilege is to preclude an attorney from divulging confidential communications with the client. S.J.C. Rule 3:07, DR 4-101(C), 382 Mass. 778 (1981).[2] The privilege, however, is not absolute and may be waived by the client either expressly or implicitly. The defendant concedes that if a client assails his attorney's conduct the privilege as to confidential communications is waived because the lawyer has a right to defend himself. See *Commonwealth v. Brito*, 390 Mass. 112, 119 (1983). See also *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), cert. denied, 419 U.S. 1125 (1975).

Although it is true that an attorney may, in an effort to defend himself against allegations of misconduct, disclose confidential communications, the scope of that disclosure is not unlimited. The Supreme Judicial Court has stated:

> "Once such a charge is made, the attorney-client privilege may be treated as waived at least in part, but trial counsel's obligation may continue to preserve confidences whose disclosure is not *relevant* to the defense of the charge of his ineffectiveness as counsel" (emphasis supplied).

*Commonwealth v. Brito*, 390 Mass. at 119, citing *Tasby v. United States*, 504 F.2d at 336. That language suggests that the scope of counsel's obligation to preserve confidences when a charge of misconduct is made turns on whether the disclosure is relevant, material, or necessary to defend against the charge. See *Commonwealth v. Brito*, 390 Mass. at 119. See also S.J.C. Rule 3:07, DR 4-101(C), 382 Mass. 778 (1981).

---

[2] The disciplinary rule provides in relevant part: "A lawyer may reveal: . . . (4) Confidences or secrets *necessary* . . . to defend himself . . . against an accusation of wrongful conduct" (emphasis supplied).

In the instant case, the defendant contends that the motion judge erred in permitting the prosecutor to elicit testimony covering the entire range of the discussion between the attorney and the client, none of which was directly relevant to the attorney's defense of the specific charge against him.[3] We do not agree. The record provides ample support for the judge's determination that the waiver of the privilege was appropriate and the revelation of those matters, now challenged, was relevant to counsel's defense to the charge of misconduct. Defense counsel's testimony went principally and primarily to the reasons why he (counsel) thought, and so advised, that a plea of guilty was in the over-all best interests of the defendant.

The defendant would like us to construe the scope of the waiver very narrowly. The widely accepted principle, however, is that:

> "[A] client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule. When a client calls into public question the competence of his attorney, the privilege is waived" (citations omitted).

*Tasby* v. *United States*, 504 F.2d at 336. See also 8 J. Wigmore, Evidence § 2327(6), at 638 (McNaughton rev. 1961).

It is fair to say that the defendant first waived his privilege when he filed his pro se "Motion to Withdraw Guilty Plea[s] and for a New Trial." The scope of the waiver of the attorney-client privilege may be discerned from the content of the supporting affidavit:

---

[3] Specifically, the defendant charged that his plea counsel should not have revealed their communications concerning (1) the overwhelming evidence against the defendant, (2) alleged statements of codefendants (3) the impossibility of presenting a defense, (4) the question of evidence against him, (5) the defendant's perception of the codefendants' animosity toward him, and (6) the defendant's fear for his life.

"Before I stepped into the court room on [M]ay 6, 1985, I was told to plead guilty by my counsel who was not acting in my best interest [and] coerced me into pleading guilty and stated [that] if I didn't the judge would give me life on and after . . .."

In his testimony at the hearing on the motion to withdraw guilty pleas and for a new trial, the defendant testified that his counsel:

"never went into the charges' but he just went into — Everytime I seen him we talked about what I was supposed to say, how I was supposed to address the court and say yes, you know, and talk proper, sit straight. You know what I'm saying. That's what we talked about. We never went into the case. We just went into what I was supposed to do."

These allegations unmistakably placed in question the credibility of both the attorney and the client as well as the substance of their communications. The resulting testimony by counsel was both relevant and material to the truth or falsity of the defendant's testimony and the quality of counsel's representation with respect to the over-all rationale for the defendant's guilty pleas. Consequently, the first four of the six matters, identified by the defendant as beyond the scope of the waiver (note 3, *supra*), are within the scope of the waiver.

The final two matters alleged to be beyond the scope of the waiver are directly relevant to the defendant's charge that his plea was coerced and that the motivation for his plea was an offer of a recommendation of a sentence of six to twelve years. By giving testimony concerning privileged communication about his plea decision the defendant waived his privilege and permitted counsel to introduce testimony "as to all consultations relating to the same subject." McCormick, Evidence § 93, at 224-225 (3d ed. 1984). Thus, the plea attorney's testimony on these matters was within the scope of the waiver, as it was offered not only to prove that the defendant was not coerced,

but also was motivated by such other considerations as the evidence against him and his desire to avoid his codefendants.

Deciding as we do, we have no need to discuss whether the motion judge properly could deny the defendant's motion based on the reasoning of *Commonwealth* v. *Santiago*, 394 Mass. 25, 28 (1985).

> *Order denying motion*
> *to withdraw guilty*
> *pleas or for a new*
> *trial affirmed.*