Hamlin, J.
The present case is a legal malpractice action filed by the plaintiff, William Person, against the defendants, Brian M. Flynn and Flynn, Woodworth & Dawley, P.C., arising out of a prior representation. On September 6, 1996, the plaintiff served the defendants with a request for production of documents, including the defendants’ case file on the underlying litigation, *706 but they did not respond. As a result, the plaintiff filed an unopposed motion to compel, which was allowed on December 4, 1996. The parties then agreed upon a date on which the plaintiff was to review the defendants’ file. When the defendants indicated that they would not provide any privileged material without the execution of a release, however, the plaintiff filed the motion for sanctions presently before the court.
The attorney-client privilege protects from discovery communications made between an attorney and a client for the purpose of obtaining legal advice. See Colonial Gas Co. v. Aetna Casualty & Surety Co., 144 F.R.D. 600, 604 (D.Mass. 1992); Commonwealth v. Woodberry, 26 Mass.App.Ct. 636, 637 (1988), review denied, 404 Mass. 1102 (1989). In general, “(t]he privilege belongs to the client, not to the attorney, and thus the latter cannot disclose the communication unless released from the obligation by the former.” Paul J. Liacos, Massachusetts Evidence 732 (6th ed. 1994), citing In the Matter of a John Doe Grand Jury Investigation, 408 Mass. 480, 483 (1990). There are, however, several exceptions to the general rule. See id. at 733-34, and cases cited; S.J.C. Rule 3:07, DR4-101(C), 382 Mass. 778 (1981); Proposed Mass. R. Evid. 502(d). One such exception authorizes an attorney to reveal privileged communications necessary to defend himself against an allegation of wrongful conduct or breach of duty. See Commonwealth v. Brito, 390 Mass. 112, 119 (1983); Commonwealth v. Woodberry, 26 Mass.App.Ct at 637; DR 4-101(C)(4), 382 Mass. at 778. See also Proposed Mass. R. Evid. 502(d)(3).
In the present case, the plaintiff argues that he is not required to execute a release in order to obtain his case file because he has waived the attorney-client privilege by filing the present malpractice action against the defendants.[2] “Although it is true that an attorney may, in an effort to defend himself against allegations of misconduct, disclose confidential communications, the scope of that disclosure is not unlimited . . . [T]he scope of counsel’s obligation to preserve confidences when a charge of misconduct is made turns on whether the disclosure is relevant, material, or necessary to defend against the charge.” Commonwealth v. Woodberry, 26 Mass.App.Ct. at 637. Accord Commonwealth v. Brito, 390 Mass. at 119; DR 4-101(C)(4), 382 Mass. at 778. Thus, the privilege is not automatically waived by bringing suit. See Colonial Gas Co. v. Aetna Casualty & Surety Co., 144 F.R.D. 600, 604 (D.Mass. 1992).
Although it would have been prudent for the defendants to file the appropriate opposition to the plaintiffs discovery motions, given the law as set forth above, it is understandable why they are reluctant to relinquish potentially privileged material in the absence of an express release by their former client.[3] Given that the plaintiff has consistently argued for production on the grounds that the privilege has already been waived, it would seem that the execution of a release would provide a simple solution to this problem. If, however, the parties are unable to resolve this matter, the court will revisit the issue at a later date. The parties are to report back to the court on whether they have resolved this matter no later than May 1, 1997.
ORDER
Based upon the foregoing, it is hereby ORDERED that the plaintiffs motion for sanctions is DENIED.

 Specifically, the plaintiff contends that “it is clear law that the client waives the privilege by filing cases such as this that involve allegations of negligence or wrongdoing by the [dlefendant attorneys.”

 It should also be noted that the defendants consulted with counsel at the Board of Bar Overseers who advised obtaining such a release.