Cratsley, J.
INTRODUCTION
Maria Conserve, mother of Sermisha Darius, and Serge Darius (“Plaintiffs”) brought a medical malpractice claim in 1998 against Warren Briscoe, M.D., and others on behalf of Sermisha Darius. The Plaintiffs contend that the Defendants caused the injuries suffered by Sermisha Darius during her delivery at Boston City Hospital on November 16, 1992. In response to this complaint, the Defendants filed a motion to dismiss on December 12, 1998, which the court denied. The Defendants served a subpoena duces tucem on the keeper of the records for Todd & Weld, the Plaintiffs’ attorneys’ law firm, on April 21, 1999. The subpoena sought any documents, referral documents, and notes of the meeting between Maria Conserve and Lisa Arrowood that took place at her attorneys’ firm during the spring of 1996. The Defendants also want to obtain any documents related to any prior representation of the Plaintiffs, and any documents, or notes involving the setting up of this meeting. The Defendants now seek a court order to compel the Plaintiffs’ attorney to produce documents of the meeting between Maria Conserve and Lisa Arrowood at the attorney’s law firm during the spring of 1996. Counsel *619 for Todd & Weld objected twice to these requests, on April 27, 1999, and April 30, 1999, claiming the attorney-client privilege and the work product privilege. The Defendants filed a motion to compel the keeper of the records for Todd & Weld to comply with the records subpoena on May 5, 1999.
BACKGROUND
On November 16, 1992, Maria Conserve gave birth to her daughter Sermisha Darius at the Boston City Hospital. At the time Maria delivered, it was eleven days after the expected delivery date. The delivery was difficult due to Sermisha’s size, 9 lbs., 14V2 oz. Sermisha was partially delivered, and three minutes passed before she was fully delivered. Plaintiffs claim that as a result of using improper techniques for delivering large, full-term babies, Sermisha was injured during delivery. Sermisha suffered from neurological injuries to her shoulder which included substantial loss of function to her arm.
Neither Plaintiff was aware at the time of the birth that any medical malpractice by Boston City Hospital or by personnel involved in the delivery caused this injury. The Plaintiffs assert that they became aware of the causal connection between Sermisha’s disability and the delivery after speaking with Lisa Arrowood at a meeting that took place at Todd & Weld during the spring of 1996.
In January 1998, the Plaintiffs filed suit against the Defendants for medical malpractice. Defendants’ subsequent motion to dismiss in December of 1998 was based on the premise that the Plaintiffs failed to make presentment within the two year requirement and/or failed to bring suit within the three-year statute of limitations under all ofM.G.L.c. 258, §4. The Plaintiffs argued in opposition that they obtained knowledge about the causal connection between the injury and the delivery only after meeting with their counsel in 1996. After the court denied the Defendants’ motion to dismiss they issued a records subpoena to Todd & Weld. The firm objected to the production of these documents. The Defendants then filed this present motion to compel.
The Defendants’ basis for seeking these documents is that the Plain tiffs waived the attorney-client privilege by relying on the advice of their attorney to bring suit against the Defendants. This action allowed them to meet a discovery rule exception to the two-year presentment requirement and the three-year statute of limitations based on their assertion that before 1996, when they met with their attorney, the Plaintiffs had no knowledge of their medical malpractice claim. Therefore, the Defendants want access to information regarding this meeting.
DISCUSSION
The courts in Massachusetts are guided by the following principles regarding the assertion of attorney-client privilege. In the Matter of John Doe Grand Jury Investigation, 408 Mass. 480 (1990) (the privilege extends to all communications made to an attorney . . . with a view toward obtaining advice or opinion in legal matters, such as the party’s rights, duties, obligations, and ability to bring suit); In the Matter of Reorg. of Electric Mutual Liability Insurance Co., LTD. 425 Mass. 419, 422 (1997) (the party asserting the privilege has the burden of proving whether the attorney-client privilege applies to a communication or not); id. (burden exists to prove the elements of this privilege: 1) the communications were delivered in the course of receiving legal advice; 2) the communications were made in confidence; and 3) the privilege regarding these communications is not waived). However, there are exceptions when this privilege may be waived. Ploof v. Cornu-Schaab Properties, Inc., et al., 1 Mass. L. Rptr. 292, 1993 Mass. Super. LEXIS 232 (1993) (a party implicitly waives the privilege by affirmative conduct if; 1) assertion of the privilege resulted in some affirmative act, such as filing suit; 2) through this affirmative act, the party put the protected information at issue by making it relevant to the case; and 3) if applying the privilege would result in denying the opposition access to information that was vital to their case); id. (the privilege is not automatically waived by bringing suit).
Since the Plaintiffs took an affirmative action by filing suit, and then asserted the privilege regarding conversations that led to its filing, the first prong of the implicit waiver test will not be discussed. The necessary discussion focuses on whether the Plaintiffs’ meeting with Lisa Arrowood is relevant to the case, and whether denying the Defendants the records of this meeting denies them the vital information they need to defend against the medical malpractice claim.
Massachusetts case law demonstrates that when information becomes relevant to the litigation, the attorney-client privilege can be waived. There are some situations where an implicit waiver is automatically found. One of the best examples are attorney misconduct cases. Confidential communications in this instance are waived because of the need for the attorney to defend himself. Commonwealth v. Palmer Woodbury 26 Mass.App.Ct. 636, 639 (1998) (privilege waived where counsel’s testimony was relevant regarding the truth or falsity of the defendant’s allegation that the attorney advised him to plead guilty to support his guilty-plea withdrawal, and motion for a new trial because of attorney misconduct).
Case law in Massachusetts further demonstrates that, if the essence of the claim makes the privileged information important, courts will consider the privilege waived, but limit the communications to material that is relevant to the case. Savoy v. U.S. Fidelity and Guaranty Company 178 F.R.D. 346 (1998) (attorney’s advice to client to decline an independent medical examination was relevant to the defendant’s defense *620 because plaintiffs alleged that the defendant failed to promptly settle a claim in which liability was evident in violation of a statute); Ploof at 232 (defendant’s request for an attorney’s letters that disclosed whether the plaintiff believed a binding agreement existed between the parties were relevant to the case because the plaintiff sought a declaration that no agreement existed); Hearn v. Rhay 68 F.R.D. 574, 581 (1975) (plaintiffs request for documents of legal advice provided by the attorney general was important in defending against the defendants’ qualified immunity defense, that they did not act in their individual capacities in disregard of the plaintiffs constitutional rights).
The case that most closely resembles the present case is Pyramid Controls, Inc. v. Siemens Industrial Automations, Inc. 176 F.R.D. 269 (1997). The plaintiff, Pyramid, filed suit in 1997 against the Defendant, Siemens, alleging that Siemens violated the Illinois Franchise Disclosure Act (“IFDA”) by terminating its franchise in 1995. Pyramid at 269. The IFDA provided for a one-year statute of limitations to bring a cause of action. Id. The plaintiff alleged that it was not until it met with its current legal counsel in 1997 that it discovered that its corporation was a franchise under the IFDA, and that the defendant’s action violated the IFDA. Pyramid at 273. In their Answer to Defendant’s Interrogatories, the plaintiff admitted that it met with former legal counsel in 1996. Id.
The defendant asked the court to order the plaintiff to produce records of the plaintiffs communications with their attorneys and the plaintiff objected based on the attorney-client privilege. Id. The U.S. District court ordered the plaintiff to submit all communications with its attorneys from the time of its termination until its 1996 meeting with counsel. Pyramid at 275. The District Judge based his decision to waive the privilege on the fact that the plaintiff had put its communications at issue in trying to defeat the statute of limitations. Id. According to his opinion, the communications were important because the relevant legal issue became what advice it received after conveying to legal counsel the circumstances of its termination. This information was relevant in deciding if the plaintiff became aware of the defendant’s alleged violation in 1996, or in 1997, as it claimed, to determine if it filed suit within the one-year statute of limitations. Pyramid at 274.
Case law demonstrates that an implicit waiver occurs where the allegations of the party asserting the privilege are such that it requires an examination of the communications to ascertain the truthfulness of the party’s claims. Therefore, it is important to answer three questions to determine whether the privilege should be waived in the present case. The first question is whether the statute of limitations is a relevant issue to the case. The second question is whether the documents are needed to establish the truthfulness that the Plaintiffs were not aware of the causal connection between the Defendants’ actions and the baby’s injury until 1996. The final question is whether the Defendants will be harmed in their defense if they are denied access to these communications.
As in Pyramid, the Plaintiffs in this case filed their claims against the Defendant after a meeting with an attorney made them aware that a causal connection existed between the injury suffered by Sermisha and the Defendants’ actions or inaction. The time to make a presentment for this case is two years, and the time to file this suit is statutorily prescribed to fall within three years of the cause of action. Since the event took place in 1992, the Plaintiffs cause of action in 1998 would clearly fall outside the perimeters of the statute, G.L.c. 258, §4. However, there is am exception to the statute of limitations for a cause of action that does not arise until there is notice to the Plaintiffs that they have a cause of action. The Plaintiffs here have invoked this exception to the statute of limitations by alleging in their affidavit that they only became aware of their claims after a meeting with their attorney almost four years after the birth in 1996. Therefore, whether the Plaintiffs met this exception to the statute of limitations is an issue that is relevant to this case.
Since the Plaintiffs are invoking this exception to bring their cause of action against the Defendants, the Defendants need this information because it is vital to building its defense against the Plaintiffs’ claims that the Defendants caused Sermisha’s injuries. It is proper to limit the attorney-client information to any documentation regarding prior meetings between any attorney and the Plaintiffs, from the time of the birth until the initial meeting with Lisa Arrowood in 1996.
It is important to note that there is a subtle, but distinguishing difference between the present case and Pyramid. In Pyramid, the Plaintiffs admitted in their Interrogatories that they met with legal counsel prior to the meeting which caused them to initiate their action. In the present case, Plaintiffs affidavit does not disclose any communication with legal counsel prior to the 1996 meeting. This leaves a muddled area regarding the Plaintiffs knowledge of the cause of Sermisha’s injury before 1996. Therefore, it becomes relevant to discover whether the Plaintiffs obtained legal advice prior to 1996 and, if so, what they communicated to counsel about their knowledge of Sermisha’s injury and what advice they received.
ORDER
Accordingly, it is hereby ORDERED that the Defendants’ Motion to Compel the Non-Party Deponent to Comply with the Keeper of the Records Subpoena is ALLOWED.