Botsford, J.
The plaintiffs in this action challenge actions taken by the defendant Town of Hopkinton (the town) and certain of its officials which the plaintiffs claim purposefully deprived them of their civil rights in relation to the development of building lots they own in the town. The principal focus of the plaintiffs’ complaint is the persistent refusal of the defendants to permit the issuance of building permits for the lots, which has allegedly prevented their development or sale.
Discovery has taken place over a long period of time, and has involved, inter alia, numerous depositions of town officials. The plaintiffs have moved to compel further deposition testimony from a variety of these officials. They have also moved to compel production of certain documents. The sought-after deposition testimony primarily concerns (1) conversations between or among the individual officials and an attorney serving as town counsel, and (2) the contents of an executive session of the town’s board of selectmen held October 31, 1995. The documents at issue fall into a number of different categories. The two aspects of the plaintiffs’ motion are discussed separately below.
*155 I.Motion to Compel Testimony A. Laurence Faiman
1. Laurence Faiman was serving as counsel for the town at times relevant to this action. The plaintiffs wish to question Mr. Faiman about any conversations he may have had with the building inspector in 1992 concerning the plaintiffs’ applications for building permits. (Motion to Compel. HIA.I., A.2.) They argue that the defendants have waived any attorney-client privilege that might otherwise attach to these conversations[3] by virtue of the fact that two letters which Mr. Faiman wrote to town officials have been made public. The defendants disagree.
Both of the Faiman letters were written in 1995. The first, with a February 1995 date, is addressed to the town’s planning board and concerns an apparent request by the plaintiffs for an “approval not required” endorsement of a plan for the lots. See G.L.c. 41, §8 IP. The second letter, dated in August, relates to an amendment to the town’s zoning bylaw which was enacted in May of 1995, and specifically to the application of the bylaw amendment to the plaintiffs’ lots. I understand that independently of this lawsuit, officials of the town had made both letters public, by placing them in public files of the town or otherwise.[4] There is no dispute among the parties that publication of these letters waived the privilege insofar as the letters themselves are concerned, and indeed it appears that Mr. Faiman has been questioned in deposition at some length about the letters and their contents. However, this does not mean that the defendants have waived generally the attorney-client privilege in relation to all matters which touch on town officials’ handling of the Porcaros’ building permit applications and their lots both before and after the dates of the two letters. The plaintiffs offer no case or other authority that would support such a broad waiver theory, and I have found none; I do not read the decisions in Commonwealth v. Goldman, 395 Mass. 495 (1985), or Commonwealth v. Woodberry, 26 Mass.App.Ct. 636, 639 (1988), cited by the plaintiffs, as reaching this far. Whatever the scope of waiver, it does not encompass the conversations at issue between Mr. Faiman and the building inspector in 1992. Compare Amca Int’l Corp. v. Phipard, 107 F.R.D. 39, 43-44 (D. Mass. 1985). Compare also Ploof v. Cornu-Schaab Properties, Inc., 1 Mass. L. Rptr. 292 (1993), 1993 WL 818723 (Mass. Superior Court) (Flannery, J.). Accordingly, the plaintiffs’ motion to compel is denied in relation to IHA. 1 and A.2 of the motion.
2. With respect to ¶A.3 of the motion to compel, the question that was objected to appears to be substantively connected to the previous question, and substantively connected to the letter discussed on p. 29 of Mr. Faiman’s transcript. Accordingly, the motion to compel Mr. Faiman to answer the question is allowed. Cf. Amca Int’l Corp. v. Phipard, supra, 107 F.R.D. at 44 (disclosure of memorandum prepared by lawyers waives attorney-client privilege as to group of documents prepared up to the point of disclosure which relate to the same subject as the memorandum).
3. The plaintiffs next seek testimony (motion to compel, 1A.4) by Mr. Faiman concerning whether any of the relevant town officials discussed the intent to change the zoning bylaw before the change was made in May 1995. I do not believe that Mr. Faiman’s letter of August 15, 1995, concerning the application of that bylaw amendment to the plaintiffs’ lots, without more, waives the attorney-client privilege about conversations occurring before the bylaw amendment was enacted.[5]
4. In 1HA.5 and A.6 of the motion to compel, the plaintiffs want Mr. Faiman to indicate if, after his August 15, 1995, letter, he gave an opinion to any town official regarding whether the agreement for judgment superseded the bylaw amendment. I believe Mr. Faiman could be required to testify about the circumstances, including communications he had with town officials, leading up to the writing of his August 15 letter, and also about communications with town officials that related to the letter and the opinions expressed in it until the letter was disclosed publicly, even if those communications occurred after the letter was written. See Amca Int’l Corp., supra, 107 F.R.D. at 44. However, the letter does not operate as a general waiver for any otherwise privileged opinion expressed by Mr. Faiman after August 15, 1995, on the subject of the relationship between the agreement for judgment and the bylaw amendment. Accordingly, the motion to compel set out in 1^A.5 and A.6 should be allowed in part and denied in part.
5. The plaintiffs seek to have Mr. Faiman testify about the discussion between and among those present at the board of selectmen’s executive session held October 31, 1995.[6] The defendants resist, claiming that the executive session was properly held under G.L.c. 39, §23B(3), and that the discussions occurring within the executive session are therefore confidential as well as privileged because the session involved consultations between and among town counsel and town officials. I disagree with the defendants.
The Open Meeting Law, G.L.c. 39, §23B, provides that executive sessions of governmental bodies may be held for only the limited purposes specifically set out in the section. See District Attorney for the Plymouth Dist. v. Board of Selectmen of Middleborough, 395 Mass. 629, 63 1-632 (1985). See also Pearson v. Board of Health of Chicopee, 402 Mass. 797, 799-800 (1988). Cf. General Elec. Co. v. Department of Envt’l Protection, 429 Mass. 798, 806 (1999). One of the purposes, and the one relied on by the defendants, is:
(3) To discuss strategy with respect to collective bargaining or litigation if an open meeting may have a detrimental effect on the bargaining or litigating position of the governmental body . . .
*156 G.L.c. 39, §23B(3). The defendants argue that as of the date of the meeting, the plaintiffs had brought one lawsuit against the town which had been resolved, and the selectmen were considering taking action that might affect that lawsuit as well as give rise to another suit, and that §23B(3) has been recognized as applying to discussions of threatened as well as existing litigation. (Town’s opposition memorandum, p. 4.) It is true that the courts have included Imminently threatened litigation within the scope of §23B(3). See Doherty v. School Committee of Boston, 386 Mass. 643, 648 (1982) (in the midst of “extensive" pending litigation between the school committee and the teachers union about funding of teachers’ salaries, school committee could properly anticipate a legal challenge by union to layoffs of teachers based on limited funding, and executive session to discuss the potential litigation was proper); Perryman v. School Committee of Boston, 17 Mass.App.Ct. 346, 352 (1983) (executive session under §23B(3) properly called where in open session of school committee’s meeting, the committee’s attorney advised that plaintiffs would be seeking an injunction against committee within a week based on committee’s action). See also District Attorney for the Plymouth Dist. v. Board of Selectmen of Middleborough, supra, 395 Mass, at 632 n. 3. But in this case, the plaintiffs’ first suit against the town had been resolved by an agreement for judgment filed in March of 1995, more than six months before the meeting at issue, and nothing in the record indicates that as of October 31, 1995, the plaintiffs were threatening, suggesting or even contemplating any other action against the town. That the plaintiffs did file a suit against the town months later in response to the defendants’ action of revoking the building permits — a course of action proposed and voted on at the October 31, 1995, meeting — did notmake the litigation imminently or obviously threatened as of October 31. The Open Meeting Law serves an important public purpose, and its exceptions are to be construed according to their terms. See id. at 632-633. The defendants’ claim that §23B(3) authorized the executive session held on October 31, if accepted, would stretch the exception beyond reasonable limits.
Moreover, the record indicates that the defendants violated the procedural requirements of §23B for holding an executive session. The section provides:
No executive session shall be held until the governmental body has first convened in an open session for which notice has been given, a majority of the members have voted to go into executive session and the vote of each member is recorded on a roll call vote and entered into the minutes, the presiding officer has cited the purpose for an executive session, and the presiding officer has stated before the executive session if the governmental body will reconvene after the executive session.
G.L.c. 39, §23B, third paragraph. It appears that the executive session on October 31, 1995, was convened and held at 7:00 p.m., one half hour before the scheduled open meeting of the selectmen began. If my reading of the records is correct, such a procedure plainly violated the quoted statutory provisions. See Pearson v. Board of Health of Chicopee, supra, 402 Mass, at 798-99, 802-03 (closed meeting of board of health which was conducted in the hour before scheduled meeting found by trial judge to be an “open, flagrant and serious” violation of §23B).
■ In light of the substantive and procedural flaws attending the executive session convened on October 31, 1995, I conclude that the defendants are not justified in claiming the matters discussed in the session and the session’s minutes are exempt under §23B(3) from discovery in this lawsuit. The separate but related question the defendants began to raise, however, is whether the contents of the discussion at the meeting are protected from disclosure by the attorney-client privilege because Mr. Faiman was present throughout the session. The answer is no. I have concluded that the defendants could not properly meet in executive session on October 31, 1995, to discuss a proposal to revoke the plaintiffs’ building permits; the proposal and the vote should have been presented as part of the seléctmen’s scheduled open meeting. The defendants are not entitled to make an end-run around the requirements of the Open Meeting Law by asserting attorney-client privilege. This appears to be the point of District Attorney for the Plymouth Dist. v. Board of Selectmen of Middleborough, supra, 395 Mass, at 632. As that case states, the Open Meeting Law does not contain an additional, implied exception to open meetings for discussions between a board and its attorney. The plaintiffs here are entitled to question any of the participants, including Mr. Faiman, about what transpired at the October 31, 1995, executive session.[7] The motion to compel set out in HA.7 will be allowed.
6. The plaintiffs want Mr. Faiman to testify about conversations he had with the defendant Bowker; after the October 31, 1995, meeting. I agree with the defendants that no waiver of the attorney-client privilege has occurred with respect to those conversations. Since the plaintiffs appear to accept that the conversations would be privileged except for waiver, the motion to compel set out in ¶A.8 will be denied.
7. The remaining paragraphs of the plaintiffs’ motion to compel testimony from Mr. Faiman will also be denied, because there is no evidence of waiver of attorney-client privilege relating to the conversations and topics addressed in those paragraphs, except insofar as any of these matters were discussed during the October 31, 1995, executive session. As indicated above, the plaintiffs are entitled to inquire about all that was said during that session.
B. Mary E. Harrington
1. The plaintiffs seek to have Mary Harrington answer whether she ever discussed the effect of the zoning bylaw amendment with town counsel in 1995. *157 For the reasons discussed above in connection with Laurence Faiman, I conclude that the plaintiffs would be entitled to ask Harrington about any conversation she had with town counsel that is connected with his August 15, 1995, opinion letter on the amendment— that is, any conversation preceding that letter which related to a request for an opinion, or any conversation about the letter that occurred after its issuance but before it was disclosed. 1 also conclude that the plaintiffs may inquire about whether Harrington discussed the effect of the bylaw amendment during the October 31, 1995, meeting. However, any other privileged conversations Harrington had with town counsel on this subject in 1995 need not be disclosed. The motion to compel in 1IB. 1 will be allowed in part and denied in part, consistent with this paragraph.
2. Again, for the reasons discussed above (see pp. 4-7), the plaintiffs are entitled to inquire about discussions that took place at the October 31 meeting. The motion to compel set out in HB.2 will be allowed.
C. Theodore Kozak
The plaintiffs are entitled to ask Kozak about the contents of the October 31, 1995, executive session, for the reasons discussed above. They are also entitled to ask him about his conversation in a car going to Boston with Mr. Faiman on the topic of Mr. Faiman’s opinion letter of August 15, 1995. The basis for this conclusion is that the defendants have not established, based on Kozak’s testimony about this conversation, that it was a privileged attorney-client communication. See Matter of the Reorganization of Elec. Mut. Liability Ins. Co. Ltd. (Bermuda), 425 Mass. 419, 421 (1997). It appears that other conversations alluded to in the plaintiffs’ motion to compel were privileged, and Kozak will not be required to answer questions about them.
D. Richard Bowker, Sr.
The plaintiffs are entitled to ask Bowker about the contents of the October 31, 1995, executive session, for the reasons discussed above.
F. Maureen Dwinnell
The plaintiffs are entitled to ask Dwinnell about the contents of the October 31, 1995, executive session.
II. Motion to Compel Production of Documents A. Requested Documents Withheld by the Defendants on Grounds of Privilege
The plaintiffs seek minutes and documents relating to the board of selectmen meeting of November 15, 1994, and the zoning board of appeals meeting of November 16, 1994. It appears that no claim of privilege is asserted with respect to these meetings, but there is a dispute about whether there even was a meeting on November 15, 1994. The defendants have agreed to continue to search for records of these meetings, if held, and if the records are found, they are to be produced. For reasons discussed above in connection with Laurence Faiman, the minutes of the October 31. 1995. executive session of the board of selectmen are to be produced.
The plaintiffs do not discuss in their memorandum in support of the motion to compel any request for correspondence between State building inspector James Barry and the town. The defendants state the plaintiffs never made such a request. The motion to compel relating to these records will be denied as waived.
Finally, the plaintiffs seek production of correspondence which the defendants have refused to turn over on grounds of attorney-client and work product privilege. With the exception of the October 31, 1995, minutes, I believe the defendants are entitled to claim privilege for the listed documents, and their production will not be ordered.
B. Documents Requested During the Course of Depositions
The defendants object to the production of documents that were discussed and requested during the course of depositions because they claim the plaintiffs did not comply with Superior Court Rule 9C. In the circumstances, where the documents were requested and the commitment to produce them was made during depositions, the defendants should produce them.
ORDER
For the foregoing reasons, it is ordered that the plaintiffs’ motion to compel deposition testimony be allowed with respect to Paragraph I. A.3, A.5 and A.6 to the extent discussed in this memorandum of decision, and A.7; Paragraph I. B. 1, to the extent discussed in this memorandum of decision, and B.2; Paragraph I.C.l, C.2, and C.3 to the extent discussed in this memorandum of decision; Paragraph D.l and D.2; and Paragraph E.l of the motion. The motion to compel deposition testimony is otherwise denied. It is further ordered that the plaintiffs’ motion to compel the production of documents is allowed with respect to Paragraph IIC, and denied with respect to Paragraph IID and F. The motion to compel production of documents is otherwise allowed in part and denied in part, consistent with the discussion in this memorandum of decision.

The question whether a public client is entitled to the benefit of an attorney-client privilege is not, perhaps, fully established. See District Attorney for the Plymouth District v. Board of Selectmen of Middleborough, 395 Mass. 629, 632 n. 4 (1985). However, I assume that the privilege does exist. See Proposed Mass. R. Evid.501 (1980).

lf the understanding stated in the text is incorrect, counsel should so inform me.

There is nothing before me to suggest that the defendants take the position in this case that the enactment of the bylaw amendment was based on advice of counsel in whole or in *158 pari: if Uiat were the situation, perhaps a waiver would be found. See, e.g., Weil v. Investment/Indicators Research and Mgt, Inc., 647 F.2d 18, 23-25 (9th Cir. 1981); Haymes v. Smith, 73 F.R.D. 572, 577 (W.D.N.Y. 1976), both cited in the Amca case, Amca Intl. Corp. v. Phipard, 107 F.R.D. 39. 42-43 (D.Mass. 1985).

It appears that the persons present were two of the selectmen, the executive secretary of the board of selectmen, the building inspector and Mr. Faiman.

In addition, the plaintiffs are entitled to discovery of the executive session minutes. See p. 10 below.