The Revere retirement board (board) appeals from a Superior Court judgment concluding that the board violated the open meeting law, G. L. c. 30A, §§ 18 et seq., when it entered into executive session during a meeting. We affirm.
Background. On April 23, 2015, the board filed a notice that it would hold a meeting concerning the "Regular Order of Business" on April 29, 2015. A public notice was also posted outside of the board's office. The notice did not list any executive session or hearing.
On April 29, 2015, the board met in open session. A board member moved to go into executive session "to discuss legal matters with Board Counsel involving pending and/or possible future litigation." Richard Clarke, who had filed an application for accidental disability retirement benefits in 2013, and his attorney questioned whether they were being asked to leave and were told yes. The board entered executive session.[2] After approximately forty-five minutes, the board reconvened in open session and proceeded to discuss Clarke's application. The board voted to request additional information from Clarke.
On May 1, 2015, Clarke's attorney filed a complaint with the office of the Attorney General alleging that the board violated the open meeting law by entering into executive session for an improper purpose and excluding Clarke and him from the session. The board responded that it properly entered into executive session pursuant to the "litigation exception" of G. L. c. 30A, § 21(a )(3).
The Attorney General concluded that the board violated the open meeting law, as the board discussed matters unrelated to litigation strategy; specifically, the merits of Clarke's application and advice of counsel regarding review of the application. The Attorney General ordered the board to publically release the executive session minutes. The board sought review in Superior Court through an action in the nature of certiorari. After a hearing, a judge denied the board's motion for judgment on the pleadings and allowed the Attorney General's cross motion. Judgment entered and the board appeals.
Discussion. Judicial review of a decision in a certiorari proceeding is limited. We review the administrative record to determine whether the decision was supported by substantial evidence, and whether the motion judge correctly concluded that the Attorney General committed no error of law that adversely affected the board's legal rights. See Durbin v. Selectmen of Kingston, 62 Mass. App. Ct. 1, 5-6 (2004).
The litigation exception provides, in relevant part, that "a public body may meet in executive session ... [t]o discuss strategy with respect to ... litigation if an open meeting may have a detrimental effect on the ... litigating position of the public body." G. L. c. 30A, § 21(a )(3). As the motion judge concluded in a well-reasoned decision, this exception did not apply here. The record indicates that during the executive session the board did not discuss pending or future threatened litigation or strategy, but rather it discussed the merits of Clarke's application and sought advice of counsel regarding its review of the application. See Powers v. Freetown-Lakeville Regional Sch. Dist. Comm., 392 Mass. 656, 659 (1984) (litigation exception inapplicable where no "actual" or "imminently threatened" litigation).
The board further contends that the executive session was nonetheless protected by an implied attorney-client privilege. The Supreme Judicial Court has previously considered the attorney-client privilege under the open meeting law. See District Attorney for the Plymouth Dist. v. Selectmen of Middleborough, 395 Mass. 629, 632-634 (1985).[3] The court concluded that the open meeting law was "a statutory public waiver of any possible privilege of the public client in meetings of governmental bodies except in the narrow circumstances stated in the statute." Id. at 634. The litigation exception is one such exception, where "the Legislature contemplated the need for confidential discussion between attorneys and their public clients." Id. at 633. Given the express exceptions that exist in the statute, no other exceptions are implied. Ibid. As the Supreme Judicial Court has explicitly considered the exceptions within the open meeting law, the board's reliance on subsequent cases decided in the context of the public records statute is misplaced.[4]
Lastly, the board argues that its proceedings are "adjudicatory proceedings" which are exempt from the open meeting law. "Adjudicatory proceeding" is defined, in relevant part, as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing" (emphasis added). G. L. c. 30A, § 1(1). However, the board concedes that a local retirement board is not an "agency" within the meaning of the statute. See Swansea v. Contributory Retirement Appeal Bd., 43 Mass. App. Ct. 402, 405 n.8 (1997), citing G. L. c. 30A, § 1(2). Furthermore, the record does not support a conclusion that the meeting or the executive session was an adjudicatory proceeding, nor did the notice of the meeting indicate an adjudicatory hearing would be held.
Judgment affirmed.

The minutes of the executive session have been filed under seal and impounded.

We note that District Attorney for the Plymouth Dist., supra, was decided under an earlier version of the open meeting law, G. L. c. 39, §§ 23A -23C. Both the earlier and current versions contain enumerated exceptions to the open meeting requirement, including the litigation exception.

This conclusion does not eliminate the attorney-client privilege under the open meeting law in its entirety. See Suffolk Constr. Co. v. Division of Capital Asset Mgmt., 449 Mass. 444, 459 n.20 (2007).