LOREN F. GHIGLIONE & others vs. SCHOOL COMMITTEE
OF SOUTHBRIDGE.

Worcester. February 15, 1978. — July 21, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*School and School Committee. Public Board. Open Meeting Law.
Municipal Corporations, Open meetings, Collective bargaining.
Contract, Collective bargaining contract.*

A grievance hearing conducted by a school committee pursuant to a
collective bargaining agreement may be closed to the public as an
executive session authorized by G. L. c. 39, § 23B. [73–74]

CIVIL ACTION commenced in the Superior Court on
December 28, 1977.

The case was heard by *Morse, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Michael J. Morrill (Paul Lamarine* with him) for the
plaintiffs.

*Matthew R. McCann (James F. Cosgrove* with him) for
the defendant.

*James C. Heigham* for Massachusetts Newspaper Pub-
lishers Association, amicus curiae, submitted a brief.

*Jeffrey M. Freedman* for Massachusetts Teachers As-
sociation & Southbridge Education Association, amici
curiae, submitted a brief.

ABRAMS, J. The plaintiffs, three registered voters of the
town of Southbridge, challenge the action of the defend-
ant school committee of Southbridge (school committee)

in conducting a grievance hearing in closed session as a violation of the open meeting law, G. L. c. 39, §§ 23A-23C.[1]

The school committee conducted a regularly scheduled meeting on December 21, 1976. The meeting was completed and adjourned. The chairperson[2] of the school committee then announced that the committee would take up the matter of a teacher's grievance relating to the denial of the teacher's request for a sabbatical leave.[3] The grievance was not on the agenda for the regular meeting.

A closed hearing was held to consider the teacher's claim; the teacher had requested and the collective bargaining agreement with the Southbridge Education Association required that the grievance be considered in closed session.[4] A citizen attempted to sit in and listen to the grievance hearing; he was forcibly removed from the hearing.

The plaintiffs commenced an action in the Superior Court. They alleged that the school committee, by holding

[1] The Massachusetts Newspaper Publishers Association has filed an amicus curiae brief on behalf of the plaintiffs. The Massachusetts Teachers Association and the Southbridge Education Association have filed a brief on behalf of the defendant school committee.

[2] The official title as disclosed by the record.

[3] One month earlier, at an open session of the school committee's regular meeting, the committee had denied the teacher's application for the sabbatical leave. Subsequent developments concerning this teacher's grievance are considered in *School Comm. of Southbridge* v. *Brown*, 375 Mass. 502 (1978).

[4] The collective bargaining agreement, in effect for the period from July 1, 1976, through June 30, 1979, includes a four level grievance procedure culminating in final and binding arbitration. The hearing involved in this case was at level three of the grievance process. Article V, paragraph 3, of the collective bargaining agreement provides: "If the grievance is not resolved satisfactorily within ten (10) school days after submission at level 2, the grievance may be presented in writing to the School Committee within ten (10) school days thereafter. This grievance will be placed on the agenda of the next regular School Committee meeting on which occasion the School Committee, the grievant, the Association President, and Chairman of the P. R. & R. Committee [Professional Rights and Responsibilities Committee of the Southbridge Education Association] will meet in effort to resolve the grievance. This hearing will be conducted in closed session."

the grievance hearing in closed session, had failed to comply with the open meeting requirements of G. L. c. 39, § 23B. They asked that the defendant be compelled to disclose publicly the minutes of the grievance hearing and to conform to the provisions of G. L. c. 39, § 23B, at future meetings.[5] After a hearing on agreed facts, the judge ruled that the grievance hearing conducted by the school committee pursuant to its collective bargaining agreement was not subject to the provisions of the open meeting law. The plaintiffs appealed to the Appeals Court from the judgment denying their claim for injunctive relief. We granted the plaintiffs' application for direct appellate review. We affirm the judgment.

As it applies to meetings of municipal school committees, the open meeting law is found in G. L. c. 39, §§ 23A-23C.[6] Section 23B establishes the general mandate that all meetings of a governmental body must be open to the public unless otherwise provided by this statute.

The open meeting law is designed to eliminate much of the secrecy surrounding the deliberations and decisions on which public policy is based. Public officials, however, might be unduly hampered in the performance of their duties if all gatherings of members of included govern-

[5] Prior to the hearing before the Superior Court the minutes of the grievance hearing were made public. However, the underlying dispute between the plaintiffs and the school committee over the alleged violation of the open meeting law remains unresolved, and the merits of plaintiffs' claim for injunctive relief, a claim which is specifically authorized by G. L. c. 39, § 23B, have not been finally determined. Moreover, the public interest in deciding this case of first impression under the open meeting law, as recently revised, weighs against treating this case as not presenting a live controversy. See *Geehan* v. *Trawler Arlington, Inc.*, 371 Mass. 815, 817 (1977); *Karchmar* v. *Worcester*, 364 Mass. 124, 136 (1973). See also *United States* v. *W. T. Grant Co.*, 345 U.S. 629, 632 (1953). Cf. *Cole* v. *Chief of Police of Fall River*, 312 Mass. 523, 525-526 (1942), appeal dismissed sub nom. *Cole* v. *Violette*, 319 U.S. 581 (1943). We, therefore, reach the merits of the parties' contentions.

[6] Open meeting requirements for State and county boards and commissions are set forth in G. L. c. 30A, §§ 11A-11A1/2, and c. 34, §§ 9F-9G.

mental bodies must be open to the public. Thus, one fea-
ture of the act, the provision for executive sessions, per-
mits closed sessions in certain circumstances. Executive
sessions may be held only for the purposes expressly set
forth in § 23B, one of which is "to conduct collective bar-
gaining sessions." The governmental body may call an
executive session and close the meeting to the public if
(a) it has first convened in an open session for which no-
tice has been given, (b) a majority of the members formal-
ly votes to go into executive session, (c) the presiding offi-
cer announces the purpose for such session, and (d) prior
to the closed session, the presiding officer states whether
the body will reconvene after the executive session. G. L.
c. 39, § 23B.

We need not decide whether grievance hearings pursu-
ant to collective bargaining agreements are to be deemed
"meetings" governed by the open meeting law since such
hearings can be conducted in closed sessions under G. L.
c. 39, § 23B, which authorizes executive sessions "to con-
duct collective bargaining sessions." Collective bargain-
ing sessions encompass not only the negotiations leading
to the agreement, but also the resolution of grievances
pursuant to the collective bargaining agreement. As the
Supreme Court said in *United Steelworkers* v. *Warrior &
Gulf Navigation Co.*, 363 U.S. 574, 581 (1960): "The proc-
essing of disputes through the grievance machinery is
actually a vehicle by which meaning and content are
given to the collective bargaining agreement .... The
grievance procedure is, in other words, a part of the con-
tinuous collective bargaining process."

Executive sessions of a governmental body subject to
the open meeting law must be held in accordance with
specific statutory procedures. Contrary to these statutory
requirements for executive sessions, the school commit-
tee did not convene the hearing in open session for which
notice had been given and did not enter into executive

session by a recorded majority vote.[7] In the context of this case, however, the procedural deficiencies were de minimis.[8]

We hold that a grievance hearing conducted by the school committee pursuant to a collective bargaining agreement may be closed to the public.

*Judgment affirmed.*

[7] We need not decide whether a vote not to hold a closed executive session would constitute an unfair labor practice. See *Ashland Educators Ass'n & Ashland School Comm.,* 4 M.L.C. 1251 (Sept. 1, 1977).

[8] The plaintiffs also argue that the school committee, by not placing the grievance on the agenda of the school committee's regularly scheduled meeting, failed to observe the requirements of the contract. The plaintiffs are not proper parties to raise this issue.