## DISTRICT ATTORNEY
## Thomas G. SIMONS
### vs.
## THE SCHOOL COMMITTEE OF THE TOWN OF SOUTH HADLEY

### No. 82 328

Superior Court/Hampshire, ss.
Trial Court of the Commonwealth
Commonwealth of Massachusetts

### December 30, 1982

Pro Se—Thomas G. Simons, counsel for plaintiff.
Philip B. Benjamin, Asst. D.A., counsel for plaintiff.
Edward J. Ryan, Town Counsel, counsel for defendant.

### JUDGMENT

This action came to be heard before the Court, Justice Raymond R. Cross presiding; facts were stipulated to and arguments of counsel were heard, and upon consideration thereof it is Declared, Ordered and Adjudged that judgment be entered as follows:

1. The use of a secret ballot vote by the School Committee of the town of South Hadley (hereinafter, "the School Committee") on March 9, 1982, while meeting in a public session and deciding a matter of public business within its jurisdiction, to wit: selecting four finalists for the position of Superintendent of Schools of the town of South Hadley from among a list of ten semifinalists, violated the Open Meeting Law, G.L. c. 39, secs. 23A and 23B.

2. The vote of each member of a governmental body meeting in a public session and cast on a matter of public business within said governmental body's jurisdiction is a matter of public record and must be recorded in the minutes of said meeting.

3. The School Committee is ordered: (a) to reconstruct the votes of each of its members with respect to the selection of four finalists from among a list of ten semifinalists at its March 9, 1982 meeting; and (b) amend the minutes of the March 9, 1982 meeting so that said minutes disclose said votes.

4. The School Committee is further ordered to henceforth refrain from

violating the Open Meeting Law, G.L. c. 39, secs. 23A and 23B; and in particular, to henceforth refrain from voting by secret ballot; and the School Committee is further ordered to record the vote of each of its members in the minutes of the meeting, when meeting in a public session and deciding any matter of public business within its jurisdiction.

**Raymond R. Cross**
**Justice of the Superior Court**

## MEMORANDUM re: JUDGMENT

The "open-meeting law", G.L. Chap. 39, is designed to eliminate secrecy surrounding deliberations and decisions on which public policy is based. To this end, this Court is of the opinion that the legislative intent is more accurately revealed by keeping in mind the general policy behind the law. It would seem that as the statute has evolved the legislature has relied on its basic policy against secrecy and for accountability in giving the statute definition rather than detailing in every particular how a meeting is to be conducted. (See, for example, the procedures condemned, approved and suggested in **Attorney General v. School Committee of Northampton,** 375 Mass. 127 (1978)).

However, all gatherings of governmental bodies (including School Committees) need not be open to the public at all times. Closed sessions, in certain circumstances, are permitted. **Ghiglione v. School Committee of Southbridge,** 376 Mass. 70 (1978), G.L. Chap. 39, sec. 23B.

It is obvious that an executive session runs counter to the general policy of openness and is susceptible to abuse. Therefore, detailed legislative instructions on the procedure to be followed at a closed meeting is to be expected. In this connection, the legislature has expressly mandated that "All votes taken in executive sessions shall be recorded roll call votes and shall become a part of the record of said executive session". G.L. Chap. 39, sec. 23B.

Such an express and detailed directive pertaining to an executive (non-public) meeting, at the very least, implies that such a provision pertains to a public meeting—and it is consistent with the general legislative policy of encouraging openness and accountability. A contrary result would thwart the policy of the legislature in seeking to eliminate (except in carefully "spelled out" situations) secrecy surrounding deliberations and decisions on which elected (and other) governmental officials are to be held responsible.

**R. R. Cross**
**Justice of the Superior Court**

## STIPULATION OF FACTS

Now comes the plaintiff and defendant in the above entitled matter and stipulate the following facts as the facts of the case:

1. District Attorney Thomas G. Simons is the District Attorney for the County of Hampshire in which lies the Town of South Hadley.

2. The School Committee of the Town of South Hadley (hereinafter the School Committee) is a "governmental body" within the meaning of G.L. c. 39, sec. 23A and is subject to the Open Meeting Law, G.L. c. 39, secs. 23A-23B.

3. The School Committee consists of five members. On March 8, 1982, the School Committee was comprised of the following persons: Barry Wadsworth, Chairman; Raymond E. Rondeau, Vice Chairman; Wayne T. Boulais; Steven E. Olesiak; and Diane V. Scheinost. As of the date of the filing of this complaint, the School Committee was comprised of the following persons: Raymond E. Rondeau, Chairman; Wayne T. Boulais, Vice Chairman; Suzanna Heard; Stephen E. Olesiak; and Barry Wadsworth.

4. On March 9, 1982, the School Committee met, at a regularly

scheduled session. A copy of the minutes of this March 9, 1982, meeting of the School Committee is attached. hereto and incorporated herein as Exhibit "A."

5. During the course of the March 9th meeting and while in public session, the School Committee considered the subject of appointing a new Superintendent of Schools for the Town of South Hadley.

6. All members of the School Committee were present for the consideration of this subject.

7. By votes of the members of the School Committee, the list of candidates was reduced from ten semifinalists to four finalists. See Exhibit "A", Page 7.

8. The School Committee used the following procedure to cast said votes: Each member marked a ballot listing the three candidates the member considered least desirable. These votes were tabulated, and each candidate who received three such votes was eliminated. This procedure was followed twice with each member casting two such ballots. Three candidates were eliminated on each round, leaving four candidates who were designated as finalists. See Exhibit "A", page 7.

9. The ballots cast as described in Paragraph 8 above were not marked to indicate the member who cast the ballots.

10. These ballots are presently in existence, along with the tally sheets made to record the ballots. Neither the ballots nor the tally sheets identify the members whose votes they represent.

11. The vote of each member of the School Committee was not recorded in the minutes of the meeting. See Exhibit "A", page

7.

12. The vote of each member of the School Committee has not been made public.

13. On March 23, 1982, the District Attorney received a letter from Matthew J. Zawidowski, Managing Editor of the Transcript-Telegram of Holyoke, Massachusetts, protesting the apparent violation of the Open Meeting Law by the School Committee at the March 9, 1982, meeting.

14. On March 6, 1982, at the South Hadley Town Hall the School Committee conducted open session interviews with each of ten candidates, and members of the public were present. In the course of the day, representatives of school interest groups had the opportunity to interview and question each of the candidates subsequent to the formal interview by the Committee.

Respectfully submitted,
The Defendant
School Committee, Town of
South Hadley

By: Edward J. Ryan, Jr.
Ryan, Boudreau, Sacks & Kirkpatrick, 129 College Street, South Hadley, MA 01075, (413) 536-8891.

District Attorney,
Thomas G. Simons

By: Philip B. Benjamin
Assistant District Attorney