Fecteau, J.
This matter is before the court on defendant’s, Board of Selectman of the Town of West Brookfield, motion to dismiss plaintiffs,’ Dean Wisniewski, Laurie Wisniewski, Ruth Lyons, complaint pursuant to Mass.R.Civ.Proc. 12(b)(6) for failure to state a claim upon which relief can be granted. The present proceeding arose from a complaint brought by Plaintiff Dean Wisniewski (“Wisniewski”) against two public officials of the Town of West Brookfield and the defendant’s decision to dismiss said charges. Plaintiff alleges that the defendant violated the Opening Meeting Law, G.L.c. 39, sec 23B, in making its decision to dismiss plaintiffs’ complaint by; 1) not giving the plaintiffs notice as to when deliberations would be conducted on their allegations; 2) conducting its deliberations as to plaintiffs’ complaint in a private executive session. The defendant asserts that, even accepting as true all factual allegations set forth in the complaint, plaintiffs’ complaint should be dismissed because: 1) the subject deliberations were appropriately and legally held in executive session, and the Board complied with all applicable notice requirements; (2) any alleged violation of the Open Meeting Law was de minimis; and (3) the plaintiff has failed to timely prosecute this action in accordance with G.L.c. 39, Sec. 23B. For the following reasons defendant’s motion to dismiss plaintiffs’ complaint is ALLOWED.

FACTUAL BACKGROUND

The relevant facts as plead in the complaint are as follows:
The plaintiffs in this matter are three registered voters and residents of the town of West Brookfield, *647 Massachusetts. The defendant is the duly-elected governing body for the town.
Wisniewski filed with the defendant a complaint against two members of the Town of West Brookfield Zoning Board of Appeals (“ZBA”), William Mansfield and Kevin Dorman. In response the defendant scheduled a hearing to be convened on April 11, 2000. Prior to the April 11, 2000 hearing William Mansfield resigned his position on the ZBA. Accordingly the charges against William Mansfield were not dealt with by the defendant.
On April 11, 2000, the defendant was prepared to consider those charges against Kevin Dorman. One member of the defendant, however, indicated that he had a conflict of interest and recused himself from the preceding. After said member recused himself the defendant lacked a quorum and as a result of which the hearing was continued to April 25, 2000.
The continued hearing took place, as scheduled on April 25, 2000. Pursuant to Mr. Dorman’s request, the defendant held the hearing in executive session. At the hearing, Wisniewski, with the assistance of counsel, presented testimonial evidence from three witnesses, including himself, and also presented several exhibits. Mr. Dorman presented no witnesses or exhibits and did not testify on his own behalf. On April 25, 2000, the defendant agreed to receive post hearing memorandum with both Wisniewski and Dorman submitting said materials. The defendant closed the hearing at the conclusion of the April 25, 2000 session and announced that it would take the matter under advisement. The defendant issued their findings on Wisniewski’s allegations on May 26, 2000, concluding that the allegations were without merit.

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. See Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. Any inferences drawn from a pleading should be “construed so as to do substantial justice.” Ourfalian v. Aro Manirfacturing Co., 31 Mass.App.Ct. 294, 296 (1991), citing Nadar v. Citron, 372 Mass. 96, 98, 104 (1977), and Mass.R.Civ.P. 8(f). A “complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’’Nadar, supra at 98, quoting Conley v. Gibbon, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
The Open Meeting Law, G.L.c. 39, 23B states in relevant part that:
All meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided by this section . . .
Nothing except the limitation contained in this section shall be construed to prevent the governmental body from holding an executive session after an open meeting has been convened and a recorded vote has been taken to hold an executive session. Executive sessions may be held only for the following purposes: . ..
(2) To consider the discipline or dismissal of, or to hear complaints or charges brought against, a public officer, employee, staff member, or individual, provided that the individual involved in such executive session pursuant to this clause has been notified in writing by the governmental body at least forty-eight hours prior to the proposed executive session. Notification may be waived upon agreement of the parties. A governmental body shall hold an open meeting if the individual involved requests that the meeting be open. If an executive session is held, such individual shall have the following rights:
(a) to be present at such executive session during discussions or considerations which involve that individual.
(b) to have counsel or a representative of his own choosing present and attending for the purpose of advising said individual and not for the purpose of active participation in said executive session.
“The scope of the authority of this court to interpret and apply statutes is limited by its constitutional role as [a] judicial, rather than [a] legislative body.” Pielech v. Massasoit Greyhound, Inc., 423 Mass. 534, 538 (1996). Courts must construe statutes as they are written. See Id. citing Brennan v. Election Comm’rs of Boston, 310 Mass. 784, 789 (1942). “ ‘Statutory Language is the principal source of insight into [legislative purpose.’ "Id., citing Hoffman v. Howmedia, Inc., 373 Mass. 32, 37 (1977), and Commonwealth v. Lightfoot, 391 Mass. 718, 720 (1984). If the language of the statute is “ ‘fairly susceptible [of] construction that would lead to a logical and sensible result’ [the court] will construe it so ‘as to make [it an] effectual piece of legislation in harmony with common sense and sound reason.’ ” Commonwealth v. Williams, 427 Mass 59, 62 (1998) (citation omitted).
“A statute, [however,] should not be interpreted to require a radical change in established policy or existing law if the act does not manifest any intent that such a change should be effected.” Hollstein v. Contributory Retirement Appeal Bd., 47 Mass.App.Ct. 109, 112 (1999), citing Dexter v. Commissioner of Corps & Taxn, 316 Mass. 31, 38 (1944).
As is obvious from the language of G.L.c. 39, Sec. 23B, the Open Meeting Law is designed to eliminate secrecy surrounding deliberations and decisions on which public policy is based; however, all gatherings *648 of members of governmental bodies need not be open to the public. Ghiglione v. School Committee of Southbridge, 376 Mass. 70, 72-73 (1978). "Thus, one feature of the act, the provision for executive sessions, permits closed sessions in certain circumstances.” Id. at 73. An executive session may only be held for those purposes specifically set forth in the statute, one of which is "[t]o consider the discipline or dismissal of, or to hear complaints or charges brought against a public officer . . .” G.L.c. 39, Sec 23B. “The governmental body may call an executive session and close the meeting to the public if (a) it has first convened in an open session for which notice has been given, (b) a majority of the members formally votes to go into executive session, (c) the presiding officer announces the purpose for such session, and (d) prior to the closed session, the presiding officer states whether the body will reconvene after the executive session.” Id. citing G.L.c. 39, Sec. 23B.
In this case, plaintiffs assert that since the public official against whom charges have been brought has a right to receive notice of and be present during executive sessions so should the party bringing the complaint. No where, however, does the language of G.L.c. 39, Sec. 23B indicate any intent on the part of legislature to allow those parties bringing complaints against public officials to receive notice of or be present during executive sessions. The plaintiffs have not offered any authorities to support their interpretation of G.L.c. 39, Sec. 23B nor has this court found any. The statute states that while generally all government bodies will be open to the public, in certain specifically described instances access to said meetings may be restricted. Where the legislature specifically enumerates exceptions to a general rule it “strengthens the inference that no other exception(s) were intended.” LaBranche v. A.J. Lane & Co., 404 Mass. 725, 729 (1989), citing Iannelle v. Fire. Comm’r of Boston, 331 Mass. 250, 252 (1954). Since the legislature has, in this case, created detailed and specific exceptions to the general rule of G.L.c. 39, Sec. 23B this court must assume that those are the only exceptions permitted and that the rights claimed by the plaintiff are not provided for. For the' foregoing reasons it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief and as such his complaint shall be Dismissed. [1]

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant’s, Board of Selectman of the Town of West Brookfield, motion to dismiss pursuant to Mass.R.Civ.Proc. 12(b)(6) is ALLOWED.

The court chooses not to discuss those issues related to timely prosecution and de minimis harm raised by the parties in their papers as they are not important to the court’s ultimate decision in this matter.