Salinger, Kenneth W., J.
From July 2009 to July 2010 the Wayland Board of Selectmen went into executive session thirteen times to discuss a lawsuit brought by real estate developer Twenty Wayland, LLC, against the Wayland Historic District Commission (“HDC”). The Board was not a party to that lawsuit, which challenged conditions imposed by the HDC on proposed traffic safety improvements. Plaintiffs are registered voters of Wayland. They ask the Court to declare that the Board violated the Open Meeting Law by holding those discussions in closed sessions, achieving consensus during those discussions without taking roll call votes, and failing adequately to summarize in its minutes the discussion held in one of those sessions. They also seek an order barring similar violations in the future. The Board asserts that these claims are moot and that, in any case, it acted lawfully. The material facts are not in dispute. Each side seeks summary judgment in its favor.
The Court concludes that: (1) It should not dismiss this action as moot, because Plaintiffs raise issues of public importance that are likely to recur yet evade review. (2) The litigation exception to the Open Meeting Law is neither as narrow as Plaintiffs suggest nor as broad as the Board contends. The Board may lawfully discuss matters relating to a potential litigating position of the Board in a closed session even where the Board is not a parly to a lawsuit. But the fact that some town entity or official is involved in litigation does not give the Board license to discuss matters not affecting the Board’s own litigating positions out of public view. Eleven of the executive sessions challenged here were *190 lawful, but two were not. (3) Plaintiffs’ roll call argument is without merit. Although any vote by a public body in executive session must be by a recorded and publicly reported roll call, not every discussion in a closed session requires the taking of a vote. (4) The minutes for the July 8, 2010, executive session, though terse, provide a legally adequate summary of the Board’s discussions.
1. Mootness
The main controversy that Plaintiffs ask the Court to resolve, regarding the scope of the Open Meeting Law exception for discussions of litigation strategy by a public body, remains subject to judicial review even though the underlying lawsuit against the HDC was settled in late 2010.
The question of whether and when the Board may meet in executive session to discuss a lawsuit to which the Board is not a party is likely to arise again, as the Board’s counsel conceded at oral argument. If a similar situation does arise, it will likely evade effective judicial review. A decision by the Board to meet in executive session could not be challenged until after the Board has already conducted its strategy session behind closed doors. Judicial review after the fact would come too late to vindicate the public’s interest in observing the Board’s deliberations.
Whether a board of selectmen may hold discussions about public business in closed sessions under circumstances like those at issue here is a question of substantial public importance. ‘The goal of the open meeting law is to advance democracy by providing broad access to governmental decision-making and eliminating ‘the secrecy surrounding the deliberations and decisions on which public policy is based.’ ” Bar-tell v. Wellesley Housing Auth., 28 Mass.App.Ct. 306, 308-09 (1990), quoting Ghiglione v. School Comm, of Southbridge, 376 Mass. 70, 72 (1978). This is “an extremely important public policy [that] goes to the core of good . . . and open government.” Pearson v. Board of Health of Chicopee, 402 Mass. 797, 800 (1988). “It is essential to a democratic form of government that the public have broad access to the decisions made by its elected officials and to the way in which the decisions are reached" (emphasis in original). District Attorney for the Northern District u. School Committee of Wayland, 455 Mass. 561, 570 (2009), quoting Foudy v. Amherst-Pelham Regional Sch. Comm, 402 Mass. 179, 184 (1988).
The fact that a new version of the Open Meeting Law took effect on July 1, 2010—see St. 2009, c. 28, §20—does not affect the mootness calculation in this case. The statutory exception allowing public bodies to meet privately to discuss litigation strategy has not substantively changed. Compare G.L.c. 30A, §21{a)(3) (effective July 1, 2010) with G.L.c. 39, §23B(3) (in effect prior to July 1, 2010).
Since this case raises an issue of ongoing public importance that is “capable of repetition in a manner that might again evade review,” Plaintiffs are entitled to have the Court resolve their claims even though the parties’ dispute over the Board’s discussions of the prior HDC litigation is now moot. See Globe Newspaper Co. v. Commissioner of Education, 439 Mass. 124, 127 (2003) (holding that Superior Court judge “prudently permitted” controversy regarding scope of public records statute to proceed, and properly decided matter on cross motions for summary judgment, even though lawsuit became moot when defendant released all records sought by plaintiff). Although a declaratory judgment may only be sought where there is an “actual controversy” between the parties, see G.L.c. 231A, §1, it is appropriate to consider granting declaratory relief under these circumstances. See, e.g., Libertarian Ass’n of Massachusetts v. Secretary of the Commonwealth, 462 Mass. 538, 548 (2012); Globe Newspaper Co. v. District Attorney for the Middle District, 439 Mass. 374, 378-79 (2003). If a statutory violation that is “capable of repetition yet evading review” is proved, it may also be appropriate to grant forward-looking injunctive relief. See O’Sullivan v. Secretary of Human Services, 402 Mass. 190, 191-92 (1988).
2. Executive Sessions to Discuss Litigation Strategy
The Board has the burden of showing that it was lawful to exclude the public from its discussions of the lawsuit brought by Twenty Wayland against the HDC. See School Committee of Wayland, 455 Mass, at 566, 567-68.
A public body subject to the Open Meeting Law may meet in executive session “[t]o discuss strategy with respect to . . . litigation if an open meeting may have a detrimental effect on the .. . litigating position of the public body and the chair so declares!.]” G.L.c. 30A, §21(a)(3); accord G.L.c. 39, §23B(3) (now repealed). Each time that the Board voted to meet in closed session to discuss the HDC litigation it did so on the ground that a public discussion could have a detrimental effect on the Town’s litigating position.
The parties disagree as to the proper scope of this litigation strategy exception. Plaintiffs argue that the Board may only meet privately to discuss lawsuits in which it is a party, or in which it has been expressly authorized by a party to assist in developing litigation strategy, because in all other cases the Board cannot have a litigating position to protect. The Board takes a similarly absolute but opposite view. It asserts that the Board has the right to enter executive session to discuss litigation involving any Town board, official, or employee, regardless of whether the Board itself is involved in the case or even thinking about pressing its own litigating position. The Board notes that the Town’s bylaws give the Board the power to defend suits brought against the Town, and give the Town Administrator the power to appoint counsel to represent the Town and its officials and boards—other than the School Committee—subject to ratification by the *191 Board. It argues that the Board therefore has overall responsibility for the legal affairs and litigation strategy of all Town entities other than the School Committee, and as a result has a statutory right to discuss any litigation involving such Town entities in executive session. Neither of these positions can be squared with the plain language of the Open Meeting Law.
The Plaintiffs’ view of the litigation strategy exception is too narrow. The Legislature did not limit this exception to circumstances where a public body is already a party to ongoing litigation or deputized by a party. For example, a public body that reasonably expects it may be sued on a particular action or issue may discuss that matter in executive session even if the anticipated lawsuit has not yet been filed. See Doherty v. School Committee of Boston, 386 Mass. 643, 648 (1982); Perryman v. School Committee of Boston, 17 Mass.App.Ct. 346, 352 (1983). Similarly, if the Board is discussing potential litigation that it may bring or authorize in the future, or discussing potential positions that the Board may take in ongoing litigation to which the Board is not a parly, those discussions may fairly fall within the scope of the litigation exception.
But the Board’s view of this exception is too broad. The Legislature did not authorize boards of selectmen to hold private discussions about any lawsuit that may involve or affect their Town. Although “the Legislature has recognized that ‘not everything done by public officials and employees can or should occur in a public meeting,’ ” School Committee of Wayland, 455 Mass, at 563, quoting McCrea v. Flaherty, 71 Mass.App.Ct. 637, 640 (2008), the exceptions crafted by the Legislature to the Open Meeting Law must be “construed narrowly in keeping with the law’s overriding purpose,” McCrea, 71 Mass.App.Ct. at 641.
The litigation exception only protects discussions the disclosure of which may undermine the “litigating position of the public body” (emphasis added). G.L.c. 30A, §21(a)(3); accord G.L.c. 39, §23B(3) (in effect prior to July 1, 2010). This provision means what it says. It applies only where the public body reasonably anticipates that it may wish to or need to take a position in ongoing or future litigation, and determines that engaging in public discussions about or in some way to help formulate the body’s litigation strategy would undermine its litigating position. Perhaps it would make sense to add a broader litigation exception that would allow the Board to speak in private about any legal matter that may affect the Town, or at least to discuss litigation positions that have been or may be taken by other Town bodies or officials, even as to cases in which the Board itself does not expect to be taking any litigating position. Or perhaps that would be disastrously unwise. But whether to add such an exception to the Open Meeting Law is up to the Legislature. See District Attorney for the Plymouth District v. Board of Selectmen of Middleborough, 395 Mass. 629, 631-32 (1985). The Court may not “read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose.” Provencal v. Commonwealth Health Ins. Connector Auth, 456 Mass. 506, 516 (2010), quoting General Elec. Co. v. Department of Envtl. Protection, 429 Mass. 798, 803 (1999).
The Board’s argument that the Court should defer to prior opinions by the offices of the Middlesex District Attorney and the Attorney General regarding the scope and application of the litigation exception to the Board’s discussions of the Twenty Wayland lawsuit is without merit. Where, as here, a statute is unambiguous and “the Legislature has spoken with certainty on the topic in question,” the Court must apply the statute as written without regard to the views of any agency or official charged with administering the law. Ellis v. Department of Industrial Accidents, 463 Mass. 541, 552 (2012), quoting Goldberg v. Board of Health of Granby, 444 Mass. 627, 632-33 (2005). Deference to the views of an agency or official charged by the Legislature with implementing a statutory scheme is only appropriate in the face of “statutory silence or ambiguity.” Goldberg, 444 Mass, at 633-34; accord Biogen IDEC MA, Inc. v. Treasurer and Receiver General, 454 Mass. 174, 186-87 (2009).
Given the plain language of the litigation exception, it was permissible for the Board to meet in executive session to discuss its possible litigating position regarding whether the HDC could defend itself in court after the Town declined to pay any attorney to represent the HDC. It was also lawful for the Board to discuss in private whether it should seek to intervene in the Twenty Wayland action, to join in or otherwise support an amicus curiae brief being considered by the Massachusetts Municipal Association, to initiate its own lawsuit to support Twenty Wayland in some way, or to find some other litigation mechanism to advocate the Board’s position regarding the proposed traffic improvements if the Board continued to disagree with the HDC’s litigation positions. The Court concludes based on the minutes of the Board’s meetings that the Board lawfully went into executive session on July 30, August 17, August 30, September 8, September 21, November 30, and December 7, 2009, and on January 4, January 11, January 19, and January 22, 2010, to discuss issues regarding the HDC lawsuit that could result in the Board taking its own litigation position.
Once the Board determined that it was not going to seek to press its own position in any lawsuit, however, the litigation exception no longer applied to any further Board discussions about the Twenty Wayland case. From that point forward no one could reasonably expect that a public discussion by the Board of that lawsuit could undermine the Board’s litigating position in any existing or potential case. The Court concludes that the Board’s executive session discussions *192 of the HDC lawsuit on July 8 and July 26, 2010 were unlawful. The minutes of those meetings indicate that the July 8 discussion was about the Board’s desire to work collaboratively with HDC members, and the July 26 discussion was about the HDC’s litigating strategy, not about any litigating position that the Board was still contemplating taking on its own. The Board has not met its burden of proving that those two discussions were exempt from the requirements of the Open Meeting Law. Plaintiffs are entitled to appropriate relief to remedy these violations.
Where claims that government officials have acted illegally turn on the scope and meaning of a statute, declaratory relief clarifying the officials’ statutory obligations is normally sufficient: in most cases a court need not and should not go further and enter permanent injunctive relief that mandates compliance with the law as clarified by the court. See, e.g., Town of Wendell v. Attorney General, 394 Mass. 518, 530 (1985); Oleksak v. City of Westfield, 342 Mass. 50, 53 (1961). It is usually reasonable to expect and assume that “public officials, including municipal officers, will .. . carry out their duty once the law under which they must act has been judicially declared.” Bennett v. Board of Assessors of Whitman, 354 Mass. 239, 241-42 (1968).
That rule applies with full force here because the only Open Meeting Law violations identified by the Court occurred after July 1,2010. The statute in effect before that date mandated that a court grant permanent injunctive relief whenever it found that some officials had violated the open meeting requirements. The Legislature provided that, on proof of such a violation, the reviewing court “shall issue an appropriate order requiring such governmental body or member or officer thereof to carry out such provisions at future meetings” (emphasis added).[2] G.L.c. 39, §23B. But when the Legislature revised the law it eliminated the mandatory “shall issue” language and instead gave judges broad discretion to grant equitable relief to the extent they find to be appropriate with respect to violations occurring on after July 1, 2010. See G.L.c. 30A, §23(f).
In exercising that discretion, the Court concludes that declaratory relief is an adequate remedy in this case. The voters and other citizens of Wayland can reasonably expect that current and future members of the Board will respect the limits of the litigation exception that are explained in the Court’s decision and the accompanying declaratory judgment. No injunctive relief should be needed to ensure that the Board does not again violate the Open Meeting Law by holding unlawful private discussions about litigation that do not fall within the scope of the limited exception for discussing litigation strategy.
3. Roll Call Votes in Executive Sessions
When a public body meets in executive session, any vote that it takes must be “recorded by roll call and entered into the minutes.” G.L.c. 39, §23B; G.L.c. 30A, §22 (b). Plaintiffs argue that it is therefore unlawful for the Board to discuss litigation strategy in a closed session and reach a consensus on how to proceed without taking a roll call vote. The Court disagrees. The question of whether a vote is required or permitted is “one of substantive law.” Ellis v. Board of Selectmen of Barnstable, 361 Mass. 794, 800 (1972). The Open Meeting Law specifies the procedures to be followed in recording and publicizing any votes that may be taken in executive sessions, but does not impose any new substantive requirements as to when the Board must take a vote. When the Legislature authorized public bodies to hold discussions of litigation strategy in private where necessary to protect their potential litigating positions, it did not require that such discussions must always culminate in a formal vote.
4. Adequacy of the July 8, 2010, Minutes
Since July 1, 2010, the Open Meeting Law has required that minutes of any meetings of a public body, including those held in executive session, must include “a summary of the discussions on each subject.” G.L.c. 30A, §22(a). Plaintiffs claim that the Board’s minutes for July 8, 2010, violate this requirement. The Court again disagrees. The challenged minutes state that the board “discussed strategies for discussion with members of the Historic District Commission in an effort to work collaboratively toward moving forward with the town center project while avoiding litigation.” Although the public would have been well served if the Board had provided a somewhat more fulsome description of its discussion, this is a legally adequate summary. The Legislature did not mandate that public bodies must create minutes that set forth the substance of everything said throughout the meeting. Minutes that fairly apprise citizens of the general substance of their representatives’ discussions will comply with §22(a). The Court concludes that the Board’s July 8,2010, minutes were adequate.
ORDER
Plaintiffs’ motion for summary judgment and Defendant’s cross motion for summary judgment are both ALLOWED IN PART and DENIED IN PART.
Final judgment shall enter DECLARING that:
(1) G.L.c. 30A, §21(a)(3), authorizes the Wayland Board of Selectmen to meet in executive session to discuss matters concerning potential litigation strategy the disclosure of which may adversely affect positions that the Board itself might take in current or future litigation, whether or not the Board is a party to that litigation or is likely to become a party, but §21(a) (3) does not allow the Board to discuss litigation in an executive session if there is no reason to expect that doing so in an open meeting would adversely affect a litigating position that the Board itself may take in some lawsuit;
*193 (2) the Board lawfully met in executive session eleven times from July 30, 2009, through February 22, 2010, to discuss certain litigation brought against the Wayland Historic District Commission, but the Board’s discussion of that litigation in the executive sessions held on July 8 and July 26, 2010 violated the Massachusetts Open Meeting Law;
(3) the Board was not required by G.L.c. 39, §23B, and is not required under G.L.c. 30A, §22(b) to conduct any formal vote as part any discussions of litigation strategy in an executive session; and
(4) the Board’s minutes for its July 8, 2010, executive session discussion of a lawsuit against the Way-land Historic District Commission satisfied the requirements of G.L.c. 30A, §22(a).

Although context sometimes shows that a statute uses the word “shall" in a directory or permissive sense, see generally City of Boston v. Quincy Market Cold Storage & Warehouse Co., 312 Mass. 638, 646-47 (1942), that is not hue here. The provision in §23B that a court “shall issue" injunc-tive relief imposed a mandatory requirement, in contrast to other parts of §23B providing that courts “may” grant other kinds of relief. Cf. City of Boston v. Rockalska, 72 Mass.App.Ct. 236, 243-244, rev. denied, 452 Mass. 1103 (2008) (reaching same conclusion as to statute regarding judicial remedies for sanitary code violations). “When ‘shall’ and ‘may’ are used within the same section of a statute, there is a presumption that the Legislature realized the difference” and used the word “shall” to impose mandatory obligations. Id., quoting Commonwealth v. Gagnon, 439 Mass. 826, 832 (2003).