Curran, Dennis J., J.
The plaintiffs, registered voters in the town of Wayland, have sued their town officials, this time their board of selectmen, for again violating the Massachusetts Open Meeting Law, G.L.c. 30A, Sections 18-25. See District Attorney for the Northern District v. School Committee of Wayland, 455 Mass. 561 (2009), and Collins etal. v. Wayland Board of Selectmen, Middlesex Superior Court, Docket No. 2011-0158, 31 Mass. L. Rptr. No. 8, pp. 189, 190 (June 17, 2013). They also seek yet another declaratory judgment under G.L.c. 231, Sections 1 through 9 that the board violated the Open Meeting law when it began deliberating the professional competence of the town administrator by sending private email messages before the commencement of an open meeting; and finally, they seek an Order permanently enjoining the Board from such future practice.
The Board counters that the claim is moot and asserts that it acted legally.
For the reasons detailed below, the Court concludes that this action should not be dismissed as moot because the registered voters have raised issues of public importance that are likely to evade further judicial review. Further, given the disturbing histoiy of repeated violations of the Open Meeting Law by Wayland town officials in recent years, evidenced by the cases cited above, it is time to enter a permanent injunction in the procedure detailed below, against that town’s public officials ordering them to comply with the state Open Meeting Law in conducting the people’s business.
Mootness
The controversy that the voters ask the Court to resolve involves the Board’s practice of soliciting evaluations by individual selectmen of the professional competence of a town administrator by private email in advance before an open meeting. The town seeks to evade review by proclaiming that the dispute is moot, because the town administrator has since been terminated.
This hardly satisfies our inquiry because the issue of how the board may deliberate, and given the town’s past flagrant disregard of the Open Meeting Law by its political cognoscenti, seems highly likely to recur. If a similar situation does arise, it would likely evade judicial review. Judicial review, after the fact, would be futile and worse yet, the public’s ability to vindicate its interest in having free, unfettered and open deliberations would be eviscerated.
This is an issue of substantial public importance. If the town of Wayland has a problem with the state Open Meeting Law—as it appears from its repeated flouting of that law—it ought to seek legislative change. But the statute exists for a reason: the public, through its lawfully-elected representatives, simply does not trust the conduct of public business in private. As was sagely observed by my colleague (Salinger, J.): “The goal of the open meeting law is to advance democracy by providing broad access to governmental decision-making and eliminating ‘the secrecy surrounding the deliberations and decisions on which public policy is based.’ Bartell v. Wellesley Housing Authority, 28 Mass.App.Ct. 306, 308-09 (1990), quoting Ghiglione v. School Committee of Southbridge, 376 Mass. 70, 72 (1978). This is ‘an extremely important public policy [that] goes to the core of good . . . and open government.’ Pearson v. Board of Health of Chicopee, 402 Mass. 797, 800 (1988). ‘It is essential to a democratic form of government that the public have broad access to the decisions made by its elected officials and to the way in which the decisions are reached.’ (Emphasis in original.) District Attorney for the Northern District v. School Committee of Wayland, 455 Mass. 561, 570 (2009), quoting Foudy v. Amherst-Pelham Regional School Committee, 402 Mass. 179, 184 (1988).” See Collins et al. v. Wayland Board of Selectmen, Middlesex Superior Court Docket No. 2011-0158, 31 Mass. L. Rptr. No. 8, p. 189, 190 (June 17, 2013), supra. This case presents an issue of ongoing public importance that is “capable of repetition in a manner that might again evade review.” The registered voters are entitled to have the Court resolve their claim even though the board’s action is now moot. See Globe Newspaper Co. v. Commissioner of Education, 439 Mass. 124, 127 (2003).
Burden of Proof
Wayland’s board bears the burden of showing that it was lawful to conduct the public’s business in the private manner it did. See District Attorney for the Northern District v. School Committee of Wayland, 455 Mass. 561 at 566, 567-68 (2009) (private e-mail ex *406 change in order to deliberate the superintendent’s professional competence “. . . violated the letter and spirit of the open meeting law”). The board cannot satisfy its burden.
The Open Meeting Law
This law requires that the public be notified of all public meetings and that such meetings are open to the public, unless an executive session is convened. A meeting is defined as a “deliberation by public body with respect to any matter within [that] body’s jurisdiction . . .” M.G.L.c. 30A, §18,16. The statute defines “deliberation” as “an oral or written communication through any medium, including electronic mail, between or among a quorum of a public body within its jurisdiction; provided, however, that ‘deliberation’ shall not include the distribution of a meeting agenda . . . , provided [further] that no opinion of a member is expressed.” (Id., 12, emphasis added.) A public body may only discuss the professional competence of an individual in open session and not in executive session. G.L.c. 30A, Section 21(a)(1).
In sum, the Open Meeting Law requires that members of a public body may express their opinions on an individual’s professional competence only through a public meeting and not through privately-communicated documents—even if such documents are discussed at a later public meeting. Orchestrated private exchanges of opinions on the professional competence of an employee between individual members of a public body and its chair, as occurred here, are prohibited. This was the lesson the town of Wayland’s public officials should have learned from the Supreme Judicial Court’s decision on other of Wayland’s representatives in 2009, a full two years before its own selectmen embarked on this present illegal odyssey, when the Court then declared:
We hold that, while some of these exchanges were not between a quorum of members, and therefore were not strictly “deliberation,” they had the effect of circumventing the requirements of the open meeting law . . .
School Committee at 570.
When a body’s chair compiles the comments of its individual members into a draft evaluation and circulates it in advance of the meeting, such an exchange is a deliberation that “violate[s] the letter and spirit of the open meeting law.”
The Attorney General’s Division of Open Government has previously declared that the member of a public body who expresses an opinion on a matter of public business within its jurisdiction is a “deliberation,” even if no other member responds. Open Meeting Law Determination, 2014-148.
Further, it is the Attorney General’s past position, as the plaintiff correctly underscores, that: 1) all deliberations must occur only during a properly-noticed meeting, G.L.c. 30A, Sections 20(a) and (b); 2) reports or documents distributed to a quorum of a public body outside of a meeting may not express the opinion of a member on matters within the body’s jurisdiction, G.L.c. 30A, Sections 18 and 20(a); and 3) performance evaluation as discussions of an employee’s professional competence may occur only in a public session; G.L.c. 30A, Section 21(a)(1). See also Open Meeting Law Letter from the Office of the Attorney General, OML 2013-5, dated January 17, 2013.
In this case, the Chair of the Selectmen solicited the Board members’ individual written performance evaluations for almost four months before compilation. In those evaluations, each member expressed his or her opinion of the town’s administrator’s performance. These private communications—obviously containing the members’ opinions—were submitted outside of a public meeting, directly contravening the requirements of the Open Meeting law.
The Selectmen’s Chair then compiled those evaluations, added his own, and privately circulated all four evaluations to the other four members of the Board before the public meeting. At this point, it was rather obvious that the die had been cast as to whether the town administrator should be continued in his position. There was no benefit of public input; the communications were done in secret; the public had been cut off from access to the contents of the evaluations; and this clever-by-a-half stratagem of skirting the clear legislative requirements set forth by the law of an Open Meeting was plainly disregarded by a Board that seems to have cared neither for the law, nor their sworn obligations to that law. Instead, by the time the public meeting occurred, the issue of the town administrator’s continued tenure had already been decided, and the meeting was a charade.
This is almost the very same procedure condemned by the Supreme Judicial Court in District Attorney of the Northern District v. School Committee of Wayland, 455 Mass. 561, 570-71 (2009). It is mind-boggling that certain small town officials decided, on the heels of a Supreme Judicial Court decision—to engage in almost precisely the same conduct disapproved by the highest court of Massachusetts—just two years earlier. The consequences of undercutting the public confidence in its public officials is obvious; deliberations were conducted in private, and any public debate is clearly devalued, if not mocked by decisions made before a public meeting has even begun. This is not just inconsistent with the democratic spirit; it is cavalier; and it is just plain wrong. As the Supreme Judicial Court has declared:
Open meetings provide an opportunity for each member of the governmental body to debate the issues and disclose their personal viewpoints before the governmental body reaches its decision on a matter of public policy. They also provide an opportunity for members of the public to hear the opinions of the members of the governmental body.
*407 School Committee at 570.
Insider, private deliberations defeat these democratic goals.
The Town’s Attempt to Mitigate Its Legal Violation
At the public hearing that was finally held after insider information had been disseminated, the board of selectmen discussed the town administrator’s performance in a transparent effort to cure their deficiencies by their failure to comply with the Open Meeting Law. But those public discussions were truncated; they did not provide the detail involved in the prior private communications and opinions; and in yet another obvious attempt at mitigation, the Board eventually released the Chair’s composite performance evaluation and individual member evaluations. But the damage had already been done. One possible remedy, suggested by the plaintiffs, might have been to publicly read the individual secret communications so that meeting attendees could understand how the Board reached its decision. But this court is uncertain even as to the wisdom of that course.
In its present opposition to the plaintiffs’ motion, the town demands that this Court afford wide deference to the Office of the Attorney General’s curious interpretation of that law, which that Office is required to enforce. This Court respectfully declines: this matter involves a simple statutory interpretation.
The plain language of the Open Meeting Law provides no mechanism for what happened here, nor does any exemption from the law exist, as suggested by the Attorney General’s Office. The dissemination of private and secret exchanges of members in advance of a meeting is illegal. The law is clear: all deliberations must occur only at a properly-noticed meeting open to the public. There is nothing difficult to understand about this basic, simple democratic principle. The opinion from the Attorney General Division of Open Government is stricken. Wayland’s irresponsible actions, regrettably, must be recognized for what they are: illegal, undemocratic, and entitled to no deference by this court.
A declaratory judgment shall issue to this effect, as well as a Permanent Injunction. (See corresponding documents.)
JUDGMENT
The plaintiffs’ motion for summary judgment having been ALLOWED, it is hereby ordered that:
1) Judgment shall enter forthwith for the plaintiffs declaring that the Wayland Board of Selectmen violated the Massachusetts Open Meeting Law, G.L.c. 30A, Sections 1-9 when it began deliberating the town administrator’s professional competence by private written messages before the commencement of a meeting open to the public; and
2) A Permanent Injunction shall enter that the Wayland Board of Selectmen shall henceforth discontinue such practice.
BY THE COURT
DENNIS J. CURRAN Associate Justice
June 26,2016